IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No.  MDL 875 |
| THIS DOCUMENT RELATES TO: Cases identified on the attached Exhibit A | |

ORDER

This matter coming to be heard on Certain Defendants' Combined Motion and Memorandum of Law to Strike Cascino Vaughan's Supplemental Response to Standard Interrogatories (i.e. 01-md-00875 Doc. No. 8638), and Plaintiff's Response thereto, IT IS HEREBY ORDERED that Certain Defendants' Combined Motion and Memorandum of Law to Strike Cascino Vaughan's Supplemental Response to Standard Interrogatories is DENIED.

**IT IS SO ORDERED**

DATED: _____     _____
David R. Strawbridge
United States District Court Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | MDL DOCKET NO. MDL 875 |
| THIS DOCUMENT RELATES TO: Cases listed on attached Exhibit A | |

Plaintiff's Response in Opposition to Certain Defendants'
Motion to Strike Cascino Vaughan's Supplemental Response to Standard Interrogatories[1]

Certain defendants have moved this court for entry of an order striking the supplemental responses to standard interrogatories of plaintiffs on the attached Exhibit A. Defendants' motion is similar to those previously filed by General Electric, Georgia Pacific, and Owens Illinois. Plaintiffs hereby incorporate Plaintiff's Response in Opposition to Motions to Strike filed in *Carnegie v. AC and S* (E.D. Pa. Case No. 08-CV-89958, Doc. No. 89958) (Ex. 1) and Plaintiffs' Supplemental Response to GE's Motion to Strike filed in *Pray v. AC and S* (E.D. Pa. Case No. 08-CV-91884, Doc. No. 123) (Ex. 2).

Generally, defendants contend that plaintiffs' supplemental responses to standard interrogatories are untimely, unverified, inaccurate. In doing so, defendants rely heavily on Judge Reed's October 5, 2010 mediation order and their application of four factors cited in *In re TMI Litigation*, 193 F.3d 613 (3d. Cir. 1999)- this reliance is misplaced.

---

[1] Plaintiffs' response is filed in light of Judge Strawbridge's July 10, 2012 order stating plaintiffs may respond further during or after the oral arguments scheduled for July 13, 2012.

1

1.  **Judge Reed's Mediation Order Is Not Applicable to Pretrial/Trial Preparation Proceedings**

Defendants argue plaintiffs' evidence is restricted to the unsigned standard interrogatory answers served during mediation/settlement conferences pursuant to Judge Reed's October 5, 2010, order. Defendants fail to acknowledge that two wholly different proceedings have taken place. Beginning in 2009 over 4,000 CVLO MDL 875 cases were place on a mediation docket. In June, 2006, the remaining 1,600 (now less than 700) CVLO cases were changed to a trial preparation track. These two separate types of proceedings are completely distinguishable and the orders are not interchangeable.

The history of CVLO cases as an active docket began on May 4, 2009, when Judge Eduardo C. Robreno referred a group of CVLO MDL 875 cases originating in Southern Illinois to Senior Judge Lowell A. Reed., Jr. as "Court Annexed Mediator." (Ex. 3.) On October 5, 2010, Judge Reed entered "MDL 875 - Order of Mediator applicable to all cases assigned, adopting agreed upon standard interrogatories to be deemed served by defendants upon plaintiffs' counsel and providing a protocol for management of the process for answering these interrogatories[.]" (Ex. 4.) Judge Reed only required signatures by plaintiffs' counsel, and not plaintiffs themselves. The signature of counsel was not provided due to "data processing" errors which plaintiffs' counsel advised the mediator and all parties of during a transcribed status hearing. Defendants fail to mention that Judge Reed's mediation rules included a confidentiality order which stated: "All documents produced, orders or the mediator and statements made at mediation and management conferences with the mediator as well as statements made and other

2

documents issued to facilitate settlement shall be kept confidential[.]" (Ex. 5.) Additionally, Third Circuit Local Appellate Rule 33.5© states:

> Confidentiality of Mediation Proceedings. The mediator will not disclose to anyone statements made or information developing during the mediation process. The attorneys and other persons attending the mediation are likewise prohibited from disclosing statements made or information developed during the mediation process to anyone other than clients, principals or co-counsel, and then, only upon receiving due assurances that the recipients will honor the confidentiality of the information. Similarly, **the parties are prohibited from using any information obtained as a result of the mediation process as a basis for any motion or argument to any court.** The mediation proceedings are considered compromise negotiations under Rule 408 of the Federal Rules of Evidence. Notwithstanding the foregoing, the bare fact that a settlement has been reached as a result of mediation will not be considered confidential.

(Emphasis added.) Plaintiffs' standard interrogatory answers were provided with the expectation of such confidentiality and prohibition as to future use at trial.

On April 18, 2011, in anticipation of Judge Reed's retirement, Judge Robreno reassigned the CVLO MDL 875 cases to Magistrate Judge David R. Strawbridge as "Court Annexed Mediator" (Ex. 6.) On June 9, 2011, the manner in which CVLO MDL 875 cases were to be handled shifted drastically when Judge Robreno modified the April 18, 2011 mediation referral order and directed Judge Strawbridge to "conduct pretrial procedure, supervision of discovery, settlement conference, and preparation for trial." (Ex. 7.) As a result, case management and scheduling orders were entered for CVLO cases.[2]

The court's scheduling orders include but are not limited to deadlines for completing fact discovery, filing expert reports, completing expert discovery, and filing, responding to, and

---

[2] The CVLO case groups which have scheduling orders are: "Top Ten", CVLO-1&2 subgroup A, CVLO-1&2 subgroup B, CVLO-1&2 subgroup C, CVLO-3, CVLO-4, CVLO-5, CVLO-6, CVLO-7, as well as one pertaining to Drs. Schonfeld, Anderson, and Sadek.

3

replying to dispositive motions. The scheduling orders do not provide a date on which plaintiffs' responses to standard interrogatories are due. Plaintiffs counsel understood the standard interrogatory answers could be provided and supplemented until, at a minimum, the date fact discovery closes because interrogatory answers are a part of fact discovery.

Defendants' acknowledge fact discovery has not closed for CVLO 3, 4, 5, 6, and 7 under the scheduling orders set by the court. (*See* Def. Mot. at 8.) Unable to point to a deadline for standard interrogatory answers to be served, defendants' implore the court to restrict plaintiffs to the evidence contained in the confidential, unsigned interrogatory responses (contrary to Third Circuit rules), which included data acknowledged to contain errors. The answers generated during mediation of CVLO MDL 875 cases have no legal effect or application to pretrial and trial proceedings.

As these cases are now slated for pretrial and trial preparation, as opposed to mediation, plaintiffs are not restricted to evidence disclosed in compliance with deadlines set during a mediation proceeding. Such a restriction on the evidence would be prejudicial to plaintiffs who are now tasked with defeating summary judgment motions and trial preparation rather than negotiating cases in a mediation.[3]

---

[3] Additionally, the court's deposition protocol requires that a plaintiff's response to standard interrogatories be answered two weeks prior to the date upon which the deposition is scheduled to occur. The deposition protocol does not state standard interrogatory responses are required to have been answered by February 21, 2011. Along with the pretrial/trial preparation case management and scheduling orders, the deposition protocol further indicates Judge Reed's October 5, 2010 order was limited to the mediation phase.

4

2. **The Supplementations Were Timely and in Proper Form**

Defendants' allege plaintiffs' "supplemental responses are incomplete and unverified." (Def. Mot. at 2.) Defendants do not dispute the supplementation is based entirely on the knowledge of plaintiffs' counsel.

The signature requirement of interrogatory answers are governed by Federal Rule of Civil Procedure 33(b)(5) which states, "The person who makes the answer must sign them[.]" In this instance the person "making the answers" is plaintiffs' counsel and an attorney's signature is on the supplementation.

Defendants argue the client must "verify" the answers. However, the words "verify" or "verification" do not appear in the Rule 33(b)(5) which only refers to a "signature." Second the language of Rule 33(b) distinguishes between a "party" which must provide an answer, and the "person" who makes the answers and must sign. The signature properly comes from counsel whose knowledge was used to make the answers, rather than from the plaintiff who has no knowledge of the supplementation.

As discussed in previous briefs by plaintiffs' counsel, Rule 26(e) states the parties "must supplement or correct its disclosure or response" when counsel "learns the response is incomplete or incorrect." The supplemental disclosures (i.e. the site workers and past testimony lists) were made soon after plaintiff counsel's recently learned of case law requiring disclosure of attorney knowledge in answering discovery. The supplementation was made to avoid future motions for sanctions which defendants might bring based on this case law. *See* Ex. 1. Since plaintiff did not have accurate data to make a supplementation and did not know the case law which suggests such supplementation is required, the timing cannot be disputed. Plaintiffs were

5

not capable of providing the data and did not have notice to do so. The clock did not begin ticking for supplementation until such events occurred.

Defense counsel do not dispute *Schneck v. IBM*, 1993 U.S. Dist. LEXIS 21576 (D.N.J. July 26, 2003) stands for the proposition that certain attorney knowledge is discoverable. Defense counsel also do not dispute plaintiff's counsel only recently learned of such case law. When plaintiffs' counsel learned of this case law, the previous disclosures of site workers and past testimony were supplemented to add attorney knowledge responsive to interrogatories 18 and 19.

Defendants also raise the "completeness" and "timeliness" arguments which have been addressed in the earlier briefs which plaintiffs incorporate. *See* Ex. 1. As stated in that brief, the court can order additional disclosures but must take into account the burden on counsel to compile the information, work product privilege, attorney client privilege, and other factors. Notably, defense counsel continues to oppose the production of such information from their own files as being too burdensome and requiring work product disclosure.[4]

3.  *Pennypack/TMI* **Factor Analysis**

While acknowledging the supplementation is not a "witness disclosure" defendants also appear to be seeking a declaratory or advisory ruling that the supplemental names cannot be used

---

[4] Defendants ask plaintiffs to be sanctioned for providing the same information which defendants objected to providing themselves- prior testimony and knowledgeable witnesses by job sites. The court's June 28, 2012 order compelling CBS/Westinghouse to produce transcripts in its counsel's possession, reflects the importance of such disclosure despite objections by defendants to producing data only known to counsel. *See* Ex. 8. Subsequently, CBS/Westinghouse filed a motion on July 11, 2012 to reconsider the order requiring the production.

as witnesses. As already noted, the supplemental interrogatory answers are not "witness disclosures." In earlier responses, plaintiffs noted the absence of any specific controversy about the use of such persons as witnesses.

Assuming the court determines to make a declaratory or advisory ruling on the use of such persons as witnesses, the controlling precedent is *Meyer v. Pennypack Woods Home Ownership* Assoc., 559 F.2d 894 (3d. Cir. 1977).

Defendants' point to four factors cited in *In re TMI Litigation*, 193 F.3d 613 (3d. Cir. 1999), which were originally stated in *Meyer v. Pennypack Woods Home Ownership* Assoc., 559 F.2d 894 (3d. Cir. 1977). If any of the supplemented names are later used as witnesses, the facts of *Pennypack* are analogous to the circumstances here. In *Pennypack*, the Third Circuit held two new fact witnesses were properly disclosed less that three weeks before trial. *Id.* The Third circuit reversed the ruling of the trial court striking the witnesses. *Id.* The court of appeals noted plaintiff's counsel had "learned of potential new fact witnesses, sent a letter to defendant's counsel with copy to the trial judge informing him that he wished to supplement the pretrial memorandum with the names of the...witnesses whom plaintiff might call at trial[.]" *Id.* at 903. The CVLO plaintiffs supplementation was made well in advance of the three weeks before trial. Assuming that any of the supplemental names are later identified as witnesses, defendants have ample opportunity to procure further discovery of any living witnesses.

Given the facts of *Pennypack*, it is not surprising that defendants do not discuss the Third Circuits analysis of the case. In *Pennypack*, the court had set dates for the close of discovery, filing of pretrial memoranda, which included expected witnesses, and trial. *Pennypack* 559 F.2d at 903. Less than three weeks before trial was to commence, plaintiff learned of potential new

7

fact witnesses and informed defense counsel and the court of his intent to add the witnesses to his pretrial memorandum. *Id.* Defendant objected to the two potential witnesses because they had not been included in plaintiff's pretrial memorandum and because their testimony came as a surprise and was prejudicial because defendant had no opportunity to depose the witnesses. *Id.* at 904. The district court agreed with defendant. However the court of appeals reversed, concluding that district court abused its discretion in excluding the witnesses. *Id.* at 904-5.

The factors to be analyzed as set forth by the *Pennypack* court include: "(1) prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith[5] or willfulness in failing to comply with the district court's order."

In applying the four above mentioned factors, the court of appeals found that plaintiff properly attempted to cure the omission by sending the letter three weeks before trial. *Id.* at 905. Likewise, CVLO plaintiffs have cured any non-disclosure by supplementing months, if not years, in advance of the trial. The *Pennypack* court also weighed the case law disfavoring exclusion of the evidence against alleged prejudice to defendant and possible disruptive effect. *Id.* The court

---

[5] As for bad faith, the knowledge of the disclosing party is generally governed by the standard of "knowing concealment." "Before any duty arises for party to disclose newly discovered facts which render prior answer incorrect, it must be shown that failure to disclose new facts would amount to *knowing concealment.*" *Havenfield Corp. v. H & R Block, Inc.*, 509 F.2d 1263 (8th Cir. 1975) (emphasis added). Similarly, "Rule 26(e) is designed to prevent party from surprising his adversary in setting forth new acts *at trial* not disclosed during discovery; before any duty to supplement responses arises, it must be shown that failure to disclose new facts will amount to knowing concealment." *PIC, Inc. v. Prescon Corp.*, 485 F.Supp. 1299 (D.C. Del. 1980) (emphasis added). The Third Circuit has imposed a similar "bad faith" standard: "Party's possible failure to provide names of two witnesses in its self-executing disclosures or to disclose them in response to interrogatories was not in bad faith and opponent knew names of witnesses and scope of their relevant knowledge well before trial." *Newman v. GHS Orthopedic*, 60 F.3d 153 (3d Cir. 1995).

8

found that the alleged prejudice to the defendant was not significant in the case because of the timing of the letter sent by plaintiff and the three weeks which remained prior to trial. *Id.*

As in *Pennypack*, analysis of the four factors weighs in plaintiffs' favor. *First,* there is no bad faith, plaintiffs' counsel provided information relating to site workers and prior testimony, when the data was accurate and when counsel learned of the case law obligations under FRCP 26.[6] *Second*, the prejudice to defendants is insignificant because they can depose any of the site workers listed, although they historically have failed to do so.[7] *Third*, plaintiffs' counsel attempted to cure the alleged prejudice by supplementing the information before the close of discovery.[8] *Finally*, the trial of these cases will not be disturbed because no trial dates have been assigned.

Rather than mention *Pennypack*, defendants cite to *In re TMI Litigation*, 193 F.3d 613 (3d. Cir. 1999)–a factually dissimilar case– in their brief. In *TMI*, plaintiffs repeatedly made untimely filings of experts' reports and "covert" filings of expert reports. *TMI*, 193 F.3d at 721-22. Specific dates had been set by the court order for the filings and discovery had been open for "nearly a decade." *Id.* *TMI* also involved moving a trial date if the untimely expert reports were allowed. *Id.* *TMI* is not analogous to the CVLO cases. Discovery during the pretrial/trial phase

---

[6] Defense counsel, like defense counsel in *Pennypack*, were advised of the case in the supplemental disclosure by email made by CVLO attorney Kristen Stambaugh on June 12, 2012 (Ex. 9.)

[7] If anything, defendants have advocated against and opposed site worker depositions by objecting to notices issued by plaintiffs' counsel. The past testimony disclosure cannot be disputed as it is effectively required by recent orders of this court.

[8] For most of the CVLO cases (groups 3, 4, 5, 6, and 7), the supplementations were served months before the close of fact discovery. To the extent any of these supplementations occurred immediately prior to or after the close of discovery for other CVLO groups, the generic supplements are not witnesses which would prejudice defendants. Fact discovery can be re-opened if necessary.

9

in CVLO cases has only been open for a fraction of the time it was open in *TMI*. Moreover, plaintiffs here have not made untimely after a specific deadline. No trial dates will need to be changed for CVLO cases because none have been set.

As the *TMI* court stated, "Trial Plaintiff's counsel can hardly complain that they had inadequate time to prepare the desired reports, nor can they claim that the exclusion of the late reports in response to their practice of continually ignoring District Court deadlines caught them by surprise." *Id.*

Like *TMI*, many cases applying the *Pennypack* factors and striking witnesses involve expert witnesses or expert reports. *See, e.g., Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 302 (3d Cir. Pa. 1991) (involving the disclosure of experts on the issue of damages after the testimony of a fact witness on damages proved inadequate); *Semper v. Santos*, 845 F.2d 1233, 1238 (3d Cir. V.I. 1988) (involving the disclosure of expert report ten days before trial on an ancillary issue); *De Marines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1201 (3d Cir. Pa. 1978).

4. **Alternative Remedy**

Defendants incorrectly presume that all persons name in the supplemental interrogatory answers will be witnesses in a case. The realities of trial are such that only a handful will ever be witnesses in any particular case. As in *Pennypack*, plaintiffs' do not oppose re-opening fact discovery if any supplemental living witnesses are later named as witnesses. Typically, one or more of the factors are present to strike new evidence: 1) A scheduling order deadline for the discovery answers; 2) A deadline for final supplementation; 3) Ongoing summary judgment

10

briefing; and 4) an imminent trial date should be present to strike new evidence. None of these facts are present in the CVLO cases. For most of the cases the witnesses were disclosed before the fact discovery deadline. Plaintiff's counsel could not find more than one case that read the timeliness requirement as requiring anything more than disclosure before the fact discovery deadline. Further, no court has recognized timeliness as requiring disclosure a certain number of days before the deadline. In the one case that read the timeliness requirement as requiring disclosure before the fact discovery deadline, summary judgment briefing was well underway, the third factor listed above. *Salamanca v. Robert Half Corp.*, 91 BNA FEP Cas 934 (N.D. Ill. 2003). Under the orders for CVLO groups of cases, summary judgment briefing does not begin until 45 days after the close of fact discovery.

The Third Circuit has also declined to reach the merits of the *Pennypack* factors when the witnesses have not yet been used to oppose summary judgment or been listed as trial witnesses. "Nonetheless, because we are reversing the grant of summary judgment with respect to some plaintiffs and some issues, whether these witnesses can testify at trial may still matter on remand. We could therefore decide whether the district court's original decision excluding these witnesses was an abuse of discretion, the matter having been properly put before us. However, we decline to do so, preferring to allow the district court to reconsider its decision in light of the additional time that will be available to the defendants to depose the witnesses." *In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717, 740 (3d Cir. Pa. 1994).

Courts prefer to provide "additional time" to depose the witnesses as opposed to excluding them altogether. For example, in *Lesser v. Camp Wildwood*, 56 FR Serv 3d 1154 (SDNY 2003), reopening fact discovery was the remedy that the court ordered after defendant's

11

counsel did not disclose two witnesses until the day before the close of fact discovery. Although the judge criticized the conduct of the defendant's counsel and even stated that it was in bad faith, he did not resort to the "extraordinary" sanction of excluding the defense witnesses. Court allowed plaintiff to conduct additional discovery including depositions from the two witnesses and other that might be necessary. As previously stated, plaintiffs' do not oppose re-opening fact discovery if a new trial witness is identified.

5.   **Conclusion**

Documents and deadlines created during the mediation proceeding are not applicable to the pretrial/trial supplementations. Second, the supplementation was in proper form and timely. Third, *Pennypack* factor analysis would likely allow the supplementations to be used for selective witnesses. Finally, alternative remedies such as re-opening discovery when a new witness is identified are proper because trial dates will not be affected.

Plaintiffs request this court deny defendants motion to strike plaintiffs' supplemental response to standard interrogatories.

Dated: July 11, 2012

Respectfully submitted,

_____
Attorney for plaintiff

Robert G. McCoy
Michael P. Cascino
R. Matthew Schroeder
Chen Kasher

12

Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com
mcascino@cvlo.com
mschroeder@cvlo.com
ckasher@cvlo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No. MDL 875

CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2012, I filed the forgoing with the United States District Court for the Eastern District of Pennsylvania in Case No. 01-md-00875 using the CM/ECF system which will send all necessary notifications of this filing to CM/ECF participants in this case.

I further certify that, in accordance with the Court's August 16, 2011, order regarding identical filings in ten or more cases (01-md-875 Doc. No. 8050), I sent the forgoing via Federal Express to Mary Chase of the U.S. District Court for the Eastern District of Pennsylvania Clerk's Office to be filed in and served for each of the cases on the attached Exhibit "A".

A courtesy copy has also been sent via email to:

Chambers_of_Judge_Strawbride@paed.uscourts.gov
Joel_Lang@paed.uscourts.gov
Lauren_A_Fine@paed.uscourts.gov

*[signature]*
Brett Josef Schmidthuber
Legal Assistant to Michael P. Cascino, Esq.
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
Ph: 312.944.0600 Ext. 115
Email: bschmidthuber@cvlo.com

cc via email: All Counsel