IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | MDL DOCKET NO. MDL 875 |
| THIS DOCUMENT RELATES TO:<br><br>All Cases Listed on the Attached Exhibit A | |

Declaration of Robert G. McCoy - August 28, 2012

     Robert G. McCoy declares as follows. I am an attorney at Cascino Vaughan Law Offices (CVLO), attorneys for plaintiff. I make this declaration based on my personal knowledge in support of Plaintiff's Response in Opposition to Motions to Strike Based On Untimely Discovery Responses.

1. Attorneys for plaintiffs and defendants in the CVLO MDL 875 cases agreed on a set of "standard interrogatories" that would be answered by plaintiffs' counsel in each case regardless of defendant-specific discovery. The answers to the "standard interrogatories" provided information commonly provided during asbestos litigation.

2. The first case management and scheduling order during the trial preparation phase of of the CVLO cases was for the "Top Ten" case group. That order included a deadline for "fact witness disclosures." Scheduling orders for CVLO-1&2-7 did not include a deadline for "fact witness disclosures."


EXHIBIT 42

3. In reliance upon the absence of deadlines for fact witness disclosures, CVLO did not make "fact witness disclosures" after the Top Ten cases (eg. CVLO 1&2-7).

4. The court (Magistrate Strawbridge) permitted defendant Georgia-Pacific to add fact witnesses after the close of fact discovery in *Pleaugh v. A.W. Chesterton*, E.D. Pa. Case No. 11-CV-63519 (Doc. Nos. 208, 244). *Pleaugh* was one of the "Top Ten" cases. Plaintiffs relied on this defense desired precedent in understanding that supplementation of witnesses would be allowed if the witnesses were learned about after the fact discovery close.

5. CVLO first learned of federal case law about disclosure of attorney knowledge requirement in late March or early April of 2012, during research of other issues being briefed in MDL 875. This case law included *Schneck v. IBM*, 1993 U.S. Dist. LEXIS 21576, 1993 WL 765638 (D.N.J. July 26, 2003). Upon learning of the case law, CVLO was concerned about needing to disclose the attorney of coworkers and past testimony to avoid potential motions for sanctions if the information was not disclosed.

6. When the MDL 875 cases were first assigned in June of 2011 for discovery and pretrial proceedings, CVLO began to compile a database of coworkers and past testimony based primarily on interview notes and old testimony transcripts. At the beginning the data inputted had many errors and was incomplete. Properly inputting the data required thousands of hours to complete data-entry by job site of siteworkers/coworkers and past testimony. After the job site information was inputted, additional time was needed to input the testimony about specific products. The process of compiling the database to reflect new information and correct existing information is ongoing.

7. After reviewing case law about attorney knowledge, CVLO determined the attorney knowledge database project was complete and accurate enough to warrant disclosure.

8. The supplemental disclosure to standard interrogatories 16, 18-20 and 29 took additional time to organize and design a proper report. Once the format for the report was completed, disclosures were made in several individual CVLO subgroup A cases in mid-April.

9. CVLO then designed a report which covered all job sites of CVLO clients. CVLO made the supplemental disclosure for all job sites on June 12, 2012 accompanied by an email from CVLO attorney Kristen Stambaugh.

10. Limitations and qualifications of the attorney knowledge data are set forth in Plaintiff's Supplemental Responses to Standard Interrogatories disclosure dated June 12, 2012.

11. No order was entered requiring the standard interrogatory answers to be filed by a date certain after the cases shifted from the mediation mode under Judge Reed to trial preparation mode under Magistrate Strawbridge. CVLO's understanding was the fact discovery close was when the standard interrogatory answers should be completed as they constituted fact discovery.

12. CVLO initially complied the data for the standard interrogatory answers by interviewing client and a few select workers the clients recalled. Many clients had no coworkers.

13. In most instances the knowledge of the plaintiff/client about product exposures is minimal or nothing as the victims are deceased and the plaintiffs are spouses or other family members.

14. As more living clients and coworkers were interviewed in the multitude of CVLO cases,

the available data and the reliability of the data collected by CVLO counsel increased dramatically.

15. During this ongoing interview and deposition process, CVLO developed a searchable database of information which could be used for any case.

16. As the quality and amount of the information available continues to grow, CVLO has and will continue to supplement the disclosures of the attorney knowledge database information on an ongoing basis.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 28, 2012

*/s/ Robert G. McCoy*
Robert G. McCoy