IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) <br><br> THIS DOCUMENT RELATES TO: <br> Cases listed on attached exhibit A | Cause No. 01 MDL 875 |

Plaintiffs' Motion To Subdivide The CVLO 3 Case Group

Plaintiffs move the court for an order subdividing the CVLO 3 case group into subgroups, each having individualized deadlines for the filing of responses to dispositive motions.

Introduction

The briefing of dispositive motions for CVLO 1-2 involved 32 cases and 120 motions, or an average of 3.75 motions per case. The average time for CVLO to respond to a motion for summary judgment is about 20 hours of attorney time. CVLO 3 involves about 45 cases and is expected to result in about 168 dispositive motions. It will take about 3,360 hours to respond to these motions. CVLO has 9 attorneys who are capable of working a maximum of 60 hours a week, which equals 1,080 hours of time for the two week period in which to file responses. Even assuming CVLO suspended work on all other matters and devoted all attorney time to responding to the dispositive motions in CVLO 3, it will be impossible for CVLO to respond within the 2 week deadline. The numbers do not lie. The impossibility of responding within 2 weeks is good cause for the court to grant the relief sought.[1]

---

[1] CVLO has previously objected to the unduly short 2 week period to respond to dispositive motions. The court has overruled these objections.

Background

CVLO case groups 1 and 2 are governed by a single scheduling order. (Ex 1.) This order subdivides the cases into subgroups A, B, and C, consisting of 10, 10, and 12 cases respectively. Each subgroup had different deadlines for the filing of dispositive motions, responses, and replies. The deadlines were staggered so the motions, responses, and replies in one subgroup were all filed before the filing deadlines for the following subgroup. In contrast, the scheduling order for the CVLO 3 group of cases does not subdivide the cases. (Ex 2.) The deadline for defendants to file dispositive motions in CVLO 3 is October 8, 2012 and the deadline for plaintiffs to respond is October 22, 2012. Currently there are about 45 pending cases in CVLO 3 and about 225 active defendants in these cases. In CVLO 3 the defendants have about 12 weeks after the close of fact discovery to work up motions for summary judgment for filing.

There were about 40 dispositive motions filed in each of the prior rounds of briefing in CVLO 1-2A, B, and C. CVLO attorneys and staff worked each of the 14 days between the filing of the motions and the filing of the responses, including Saturdays and Sundays. Summary judgment responses were filed after 10:00 PM CST on the due date. Details of the work performed are as follows and are supported by the declaration of counsel attached as Exhibit 3:

1. CVLO 1 and 2A contained 10 cases and about 33 motions for summary judgment, 5 motions to dismiss, and 2 motions in limine were filed by the due date of Monday, June 11, 2012. The responses were due June 25, 2012.

2. The overwhelming majority of these motions dealt with factual or legal issues and were not related to expert evidence or testimony.

3. The motions were downloaded from the ECF filing system and distributed to CVLO attorneys on the following day.

4. A total of about 9 attorneys were involved in reviewing and responding to these dispositive motions. These attorneys on average worked over 60 hours per week each of the 2 weeks between the filing of the motions and the filing of the responses, and worked all 14 days. These attorneys devoted about 75% of their time to responding to the motions, and the remainder of their time was devoted to other matters.

5. It took about 4 days, or through June 15, 2012, for all of these motions to be reviewed and evaluated. This review and evaluation was made by the attorneys assigned to these cases and was primarily supervised by Robert McCoy, the CVLO attorney responsible for overseeing the filing of responses to all of the motions. As part of this review and evaluation an assessment was made whether responses were likely to be filed to each of the motions.

6. Beginning on about June 16, 2012, CVLO began drafting the responses. This included reading the motions and the exhibits thereto, reviewing discovery, reading depositions, obtaining declarations from deponents or other witnesses.

7. Other CVLO attorneys were assigned legal research projects in relation to the issues raised in the motions.

8. The process of drafting, revising, and assembling exhibits for the responses was time-consuming. It involved a team effort of the attorney assigned to write the response and the attorneys researching the legal issues involved in each motion.

9. It took on average 20 hours to prepare a response to a dispositive motion.

10. Most of the CVLO attorneys worked at least 20 hours on the weekend before the responses were due.

11. Most of the CVLO attorneys worked 12-15 hours on the day the responses were due.

12. CVLO 1 and 2B contained 10 cases and about 35 motions for summary judgment, 5 motions to dismiss, and 3 motions in limine were filed by the due date of Monday, July 9, 2012. The responses were due July 23, 2012.

13. The mechanism for evaluating the motions and drafting responses, and the number of attorneys involved and the amount of hours worked, is about the same as that outlined above for CVLO 1 & 2A.

14. CVLO 1 and 2C contained 12 cases and about 31 motions for summary judgment and 6 motions to dismiss were filed by the due date of Monday, August 6, 2012. The responses were due August 20, 2012.

15. The mechanism for evaluating the motions and drafting responses, and the number of attorneys involved and the amount of hours worked, is about the same as that outlined above for CVLO 1 & 2A.

Another reason for the filing of this motion is that Robert McCoy, the CVLO attorney responsible for overseeing the drafting of the responses, is scheduled to be on trial for most of the month of October. His trial schedule is as follows and is supported by the declaration of counsel attached as Exhibit 3:

16. October 1, 2012. Gillis v. Albany Felt Company, Brown County, Wisconsin Case No. 11-CV-190.

4

17. October 8, 2012. Vandermeuse v. Allied Insulation Supply, Inc., Kewaunee County, Wisconsin Case No. 07-CV-005507-CV-55.

18. October 28, 2012. Wright v. AW Chesterton Company; United States District Court, Norther District of Illinois, Case No. 11-C-1954.

Briefing on the three previous case groups of CVLO 1 & 2A-C involved 32 cases and 120 dispositive motions. This averages to 3.75 motions per case. The CVLO 3 case group has about 45 cases. If this average holds for CVLO 3, then there will be about 168 dispositive emotions filed on the due date of Monday, October 8, 2012, with CVLO having only 14 days to file responses. This would be a 400% increase in volume over the filings in the prior rounds of briefings. Based on the average of 20 hours to respond to a motion, it will take 3,360 hours to respond to these motions. CVLO has 9 attorneys who will be working about 60 hours a week, which equals 1,080 hours of time for the two week period in which to file responses, but only about 45 hours will be devoted to responding to the motions. But even if CVLO suspended operations on all other matters and devoted all attorney time to responding to the dispositive motions in CVLO 3, it will be impossible for CVLO to respond within the 2 week deadline. 9 attorneys working 60 hours for two weeks is 1,080 hours of time, which is substantially less than the 3,360 hours needed to respond. The numbers do not lie. The impossibility of responding within 2 weeks is good cause for the court to grant the relief sought.

Argument

FRCP 16(b)(4) states a scheduling order "may be modified only for good cause and with the judge's consent." Plaintiffs submit good cause exists to amend the CVLO 3 scheduling order

and subdivide CVLO 3 because it will be impossible for plaintiffs to respond to 168 motions for summary judgment within the current 14 day period for filings responses.

In CVLO 3 the dispositive motions are due about 12 weeks after the close of fact discovery. The majority of the dispositive motions concern factual and legal issues unrelated to experts, so this means the defendants have had six times the amount of time to prepare their motions as the plaintiffs have to file responses. The plaintiffs should have the same amount of time to respond as the defendants had to prepare their motions. Plaintiffs cannot file responses in 2 weeks.

CVLO proposes that CVLO 3 be treated in the same manner of CVLO 1-2. CVLO asks that the court subdivide CVLO 3 into subgroups of 10-15 cases, each with their own individualized deadlines for the filing of dispositive motions, responses, and replies. Again, good cause for this modification of the CVLO 3 scheduling order exists because 14 days in all likelihood is not enough time to respond to 168 motions for summary judgment. *See Rimbert v. Eli Lilly and Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011) ("a scheduling order can have an outcome-determinative effect on the case and 'total inflexibility is undesirable.' . . . A scheduling order which results in the exclusion of evidence is, moreover, a drastic sanction."); *Rambus Inc. v Hynix Semiconductor Inc.*, 628 F. Supp. 2d 1114, 1121 (N. D. Cal. 2008) ("because the Manufacturers could not have filed their motion for summary judgment with respect to the Bennett patent by the deadline set by the court, the Manufacturers have established good cause for relief with respect to the Bennett motion."). CVLO asks that the CVLO 3 group be divided into 3 subgroups and that the plaintiffs have four weeks to respond to motions for summary judgment in each subgroup.

<u>Conclusion</u>

For the reasons stated plaintiffs seek order subdividing the CVLO 3 case group into 3 subgroups, each with its own individualized deadlines for the filing of dispositive motions and responses. Plaintiffs in each subgroup should be allowed 4 weeks to respond to motions for summary judgment.

Dated: September 13, 2012

_____
Attorney for plaintiff

Robert G. McCoy
Michael P. Cascino
Allen D. Vaughan
Brian A. Schroeder
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Ave.
Chicago, IL 60607
(312) 944-0600