**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No.  MDL 875 |
| Daniel Ahnert and Beverly Ahnert | |
| Plaintiffs, | PA-ED Case No. 10-67443 |
| v. | *Trans. from WI-ED Case No. 10-156* |
| CBS Corporation, et al., | |
| Defendants | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO**
**OWENS-ILLINOIS' MOTION FOR SANCTIONS**

Plaintiff Daniel Ahnert ("plaintiff") responds to defendant Owens-Illinois' ("OI") motion for sanctions (Doc. No. 226) and states as follows.

<u>Introduction</u>

In plaintiff's notice of the December 19, 2011 deposition of John Burns, a co-worker of the plaintiff, it was specified that Burns was expected provide testimony in reference to defendants including Sprinkmann Sons Corporation, Rapid American Corporation and Milwaukee Insulation Company.  Plaintiff alleges that all of these parties are, at least in part, responsible for plaintiff's exposure to Kaylo asbestos containing products.  Burns' testimony was not elicited in reference to OI's products because the exposures at issue were after 1959 when OI ceased to manufacture and distribute Kaylo products.

<u>Argument</u>

O-I has admitted that "[i]t began the manufacture of commercial quantities of 'Kaylo' asbestos-containing products in about 1948, and began the manufacture of commercial quantities of 'Kaylo-20' in or after mid-1955, and continued such manufacture until about April 30, 1958." (Ex 1 at p.14.)

In his deposition co-worker of the plaintiff, John Burns, provided testimony about work he performed with the plaintiff.  Burns testified as follows:

> Q.    Who was the insulation contractor you would see on the majority of the school jobs in the early '60s?
>
> A.    I would say Sprinkmann.
>
> Q.    Do you know who manufactured the insulation, the pipe covering and insulating cements that they would use?
>
> A.    Well, there was a number of them. Kaylo, Carey, Georgia-Pacific. There was more, but I don't remember 'em all. Heavens.  (*See* Ex B to Defendant's Motion, Docket Number 226-2 at 18.)

Burns also testified that the greater percentage of work he was performing with the plaintiff at the work sites referenced in the testimony above was new construction and that plaintiff and Burns were installing piping at these new construction sites.  (Ex B at 11.)  Burns worked with the plaintiff at Zien plumbing around 1962-1963.  (Ex B at 42.)  No questions were asked throughout the course of the deposition about O-I.  (Ex B at 39.)

O-I ceased the manufacture of Kaylo products in 1959.  Burns and the plaintiff worked together around 1962-1963 on new construction projects.  The testimony pertains to the period of

2

time after O-I ceased manufacturing Kaylo.  The testimony therefore pertains other defendants

such as WEPCO (a premises owner) and Rapid (a fiber supplier for Kaylo.)  Furthermore,

defendant cites to no portion of plaintiff's expert reports that make specific reference to O-I or its

products during the relevant time period.  (Defendant's Motion to Strike, Docket Number 226 at

Pages 3 to 4.)

<u>Conclusion</u>

For the foregoing reasons, the court should deny the motion for sanctions filed by

defendant Owens-Illinois.

Dated: October 19, 2012


/s/ Robert G. McCoy

Attorneys for plaintiff
Allen D. Vaughan
Michael P. Cascino
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607-5308
tel: 312-944-0600
fax: 312-944-1870
e-mail: bmccoy@cvlo.com