IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In Re: Asbestos Product Liability Litigation (No. VI)** | **Civil Action No. MDL 875** |
| **This document relates to all CVLO cases on the attached "Exhibit P"** | |

**CERTAIN DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO BAR THOSE WITNESSES INCLUDED IN CASCINO VAUGHAN LAW OFFICES' ("CVLO") "SITE WORKERS BY JOB SITES FOR IL & WI JOB SITES" AND "SITE WORKER PAST TESTIMONY BY JOBSITE FOR IL & WI JOB SITES," WHERE WTNESSES HAVE NOT BEEN OTHERWISE PROPERLY DISCLOSED AGAINST DEFENDANTS FOR CASES INCLUDED IN CVLO 3, AND ALL SUPPLEMENTS TO THE SAME**

Certain Defendants[1], in support of their motion for an order barring those witnesses included in Cascino Vaughan Law Offices' ("CVLO"), "Site workers by job sites for IL & WI job sites" and "Site worker witness past testimony by jobsite for IL & WI job sites," from testifying at the time of trial or from offering affidavits or declarations in opposition to Defendants' dispositive motions, where witnesses have not been otherwise properly disclosed against Defendants for cases included in CVLO 3, and all supplements to the same, state as follows:

## I.     INTRODUCTION

On November 15, 2010, Judge Lowell Reed ordered CVLO to respond to a set of standard interrogatories, which were agreed to by the parties, for all CVLO MDL matters. The deadline for Plaintiffs to respond to these standard interrogatories was February 21, 2011. (*See Exhibit A*). These cases were placed in the CVLO group 3 by this Court's April 12, 2012 Case Management Order. Fact discovery closed in the CVLO 3 cases on July 13, 2012. However,

---

[1] Certain Defendants Include: CBS Corporation, A Delaware Corporation, f/k/a Viacom, Inc., Successor by Merger to CBS Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation, General Electric Company, Georgia-Pacific LLC, Owens-Illinois, Inc. d/b/a O-I, and Union Carbide Corporation.

just one month before fact discovery closed in these cases, CVLO attempted to supplement its answers to the Standard Interrogatories in **all** CVLO cases, by serving documents titled "Site workers by job sites for IL & WI job sites" and "Site worker witness past testimony by jobsite for IL & WI job sites." (*See Exhibit B,* hereinafter referred to as "job site worker list" and "past testimony list"). The job site worker list served on June 12, 2012, was 553 pages, and the past testimony list was 166 pages. *Id.* CVLO stated that the job site list and past testimony lists "provide CVLO's attorney knowledge to supplement the responses to all CVLO MDL plaintiff's standard interrogatories, particularly No. 16-18, 20 and 29." *Id. at p. 1.* In addition, CVLO stated "These lists are made by CVLO and not by clients. As such they are signed by CVLO as counsel. The lists can be cross referenced against the jobsites already disclosed for each MDL client." *Id.*

When serving the job site worker list and past testimony list on June 12, 2012, CVLO stated they were serving the lists because CVLO "recently located case law under FRCP 26 which suggests knowledge possessed only by counsel on certain discovery requests should be disclosed." (*See* June 12, 2012, e-mail from CVLO attorney Kristen Stambaugh, attached hereto as *Exhibit C*).

On July 13, 2012, this Court heard argument on Certain Defendants' Motion to Strike Cascino Vaughan's Supplemental Response to Standard Interrogatories, which included the job site list and past testimony list served *In Re All* on June 12, 2012. During oral argument, the Court noted:

> And as I tried to set out in the -- we -- we went to special effort in the *Unzicker* decision to, you know, to write on this particular topic, and I think we need to look at this in the perspective of how much -- how much -- how is it impacted upon those who receive the information, and I -- I have to say that when I just see a -- a list of names, and if -- if our math is right, and if you've got

> approximately -- if you got approximately 20 -- 20 names, and that might be a little bit shy, per page, and you've got 800 pages, you're talking something like 16,000 names? I mean something like that. . .

(*See* relevant portions of transcript from July 13, 2012, Hearing on Motions to Strike, 63:12-22, attached hereto as *Exhibit D*).

In ruling on Certain Defendants' Motion to Strike, the Court stated that:

> This purported supplement to interrogatories 16 through 17, 20 and 29, however, is meant to have global application in every case rather than be limited to any individual plaintiff's case, and contains no specificity regarding to what any of these individuals might testify or the contents of any of the transcribed statements. Accordingly, this massive list is not a supplement to any previous answers served in the individual cases nor does it provide responses to any of the standard interrogatory questions submitted in any individual case. . . *The list's generality and lack of detail render it incapable of being used by any defendant in any particular case*.

(*See* the July 17, 2012, Order, p.2, attached hereto as *Exhibit E*) (emphasis added).

Although the Court ultimately denied Certain Defendants' Motion to Strike, the Court did hold that:

> The list does identify "site-workers" and associates these "site-workers" with particular job sites. That information could be useful and bear *some relevance as the cases progress*, even though the list fails to provide any indication of the extent of knowledge of the "site-workers"; the products about which the "site-worker" might have knowledge, or the time periods during which the "site-worker" would have worked at a particular job site. Further, *while merely associating a job site with a "site-worker" is certainly not sufficient to even begin to establish causation evidence a plaintiff would need to sustain his case*, the list does provide some relevant information. Accordingly, and while urging plaintiffs to be clear-eyed about the listing's deficiencies, we decline to grant defendants' motion.

(*Id*., pp.2-3) (emphasis added).

3

CVLO has since amended and supplemented the job site list and past testimony list seven more times:

(1) July 13, 2012 (*See Exhibit F*);

(2) August 24, 2012 (*See Exhibit G*);

(3) September 14, 2012 (*See Exhibit H*);

(4) September 24, 2012 (*See Exhibit I*);

(5) September 28, 2012 (*See Exhibit J*);

(6) October 1, 2012 (*See Exhibit K*);

(7) October 12, 2012 (*See Exhibit L*).

These lists grew with almost every supplement. As of the most recent iteration, the Seventh Supplemental Response to Standard Interrogatories In Re All CVLO, served on October 1, 2012, the list of site workers alone is now 1,490 pages long. Although the list of site witnesses indicates that some of the witnesses can offer testimony regarding particular products, equipment or contractors, the information does not tie the site witnesses to any particular Plaintiff. (*See, e.g., Exhibit J*, p. 20).

Unless the individuals included on the above job site worker lists or past testimony lists have been otherwise properly disclosed against a particular Defendant or Defendants in a particular matter, the witnesses should not be permitted to testify at trial, or to submit an affidavit or declaration in opposition to Defendants' motions for summary judgment. Defendants seek an order stating that no individual included on any of the above job site worker lists or past testimony lists, simply by virtue of being on those lists, may be called to testify at the time of trial, nor may Plaintiffs submit affidavits or declarations from those individuals in opposition to dispositive motions filed by Defendants.

## II. ARGUMENT

The individuals listed on the various job site worker lists and past testimony lists should be barred from testifying at trial or offering affidavits or declarations in opposition to dispositive motions because they were not timely disclosed and because the various lists are not responsive to any discovery request or disclosed in such a manner that Defendants could utilize the lists to determine which individuals may testify in any particular case. As the lists were served shortly before discovery closed, or after discovery closed, the lists, in all of their iterations, present a clear prejudice against Defendants. In addition, Defendants are greatly prejudiced because they have no way of discerning, by looking at these lists, which witnesses Plaintiffs may call to testify at trial or utilized in an attempt to defeat Defendants' Motions for Summary Judgment for any particular case. Defendants are entitled to know, and Plaintiffs are required to provide information concerning which witnesses Plaintiffs will rely on to try and establish their claims against Defendants.

Federal Rule of Civil Procedure 11(b)(3) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—*an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, <u>formed after an inquiry reasonable under the circumstances</u>*: (3) *the factual contentions have evidentiary support* or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed.R.Civ.P. 11(b)(3) (emphasis added).

The Court has broad discretion in issuing discovery sanctions. *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006). "Rule 37 sanctions are available to the district court 'not

5

merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id*. (quoting *Nat'l Hocket League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976).

Moreover, Federal Rule of Civil Procedure 37(b)(2)(C) provides in part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. 37(b)(2)C).

In evaluating whether to exclude evidence, the Third Circuit looks to the following factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; and (4) bad faith or willfulness in failing to comply with the district court's order.

*Unzicker v. A.W. Chesterton*, 2012 WL 1966028, * 3 (E.D.Pa. 2012) (Slip copy) (quoting *In re TMI Litigation*, 193 F.3d 613, 721 (3d. Cir. 1999).

CVLO should be barred from calling any of the witnesses included in the June 12, 2012 job site work list and past testimony list, as the lists did not provide specific information so that they could be used by Defendants in any meaningful way.  CVLO should have known which witnesses they would call in each case against Defendants at the time they filed their cases, and should have timely disclosed this information.  In addition, CVLO should be barred from calling any witnesses included in the job site worker lists and past testimony lists served on August 24, 2012, September 14, 2012. September 24, 2012, September 28, 2012, October 1, 2012 and

6

October 12, 2012, because they were all served after the close of discovery. Lastly, CVLO should be barred from calling any witnesses included in the July 13, 2012, job site list and past testimony list because these lists were served on the day that discovery closed for CVLO 3 cases.

> **A. CVLO should be barred from calling any witnesses included in the June 12, 2012, site worker list and past testimony list because the lists were an untimely and inadequate attempt at supplementing CVLO's answers to the standard interrogatories**

The information concerning which witnesses would be able to testify regarding Plaintiffs' alleged asbestos exposure was requested in the standard interrogatories. Plaintiffs' responses to the Standard Interrogatories were due on February 21, 2011. Nearly a year and a half after the responses to the Standard Interrogatories were originally due in all CVLO cases, CVLO began to serve its *In Re All* job site worker lists and past testimony lists, purportedly to supplement CVLO's responses to the Standard Interrogatories.

As an initial matter, at the time that CVLO filed complaints on behalf of the Plaintiffs included in CVLO 3, CVLO was required by Federal Rule of Civil Procedure 11 to have performed an inquiry as to the facts of each Plaintiffs' case, and was also required to have evidentiary support for their claims against Defendants. To the extent that CVLO has only recently begun to determine which witnesses may be utilized to establish a prima facie claim in any particular case, they filed their complaints in violation of Rule 11. CVLO should have determined what evidence they had against the Defendants *before* they filed the complaints which comprise the CVLO 3 cases.

At the time that CVLO filed complaints on behalf of the Plaintiffs, CVLO had an ethical obligation to know that they could establish a *prima facie* case against the Defendants named in the original complaint. One element of Plaintiff's prima facie case is that they have to produce some evidence that the Plaintiff was exposed to asbestos that came from the Defendants'

products. Invariably, that evidence comes from eyewitness testimony. Absent a good faith basis that CVLO could produce such evidence at the time it initially filed its claims on behalf of the Plaintiffs, CVLO violated FRCP 11 by filing those claims. At a minimum, these disclosures should have been produced in Plaintiffs' answers to the standard discovery that were due more than 18 months ago. To the extent new or additional evidence had been discovered or developed by the Plaintiffs or CVLO in the intervening period between the dates the lawsuits were filed and the date Plaintiffs were to have answered the standard interrogatories, that new or additional evidence should likewise have been disclosed more than 18 months ago when the answers to the standard interrogatories were due.

In addition, Defendants are unable to determine which witnesses included on the June 12, 2012, job site worker list and past testimony list may be used against them. Indeed, the Court in its July 17, 2012 Order acknowledges the list's "generality and lack of detail render it incapable of being used by any defendant in any particular case." (*See Exhibit E*, p. 2). To allow CVLO to call any of the witnesses included on the lists, or to rely on a declaration or affidavit from any of those witnesses to oppose a Defendants' Motion for Summary Judgment, when Defendants themselves have no way of which witnesses may be called or used by CVLO, is incredibly prejudicial to Defendants.

The lack of specificity in the lists is remarkable because most of the witnesses listed are clients of CVLO. If the witnesses are clients of CVLO for purposes of bringing their own lawsuits for exposure to asbestos-containing products, then it is fair to presume that CVLO has interviewed those clients to learn what they know about asbestos-containing products. Given that, it is hardly a stretch to conclude that CVLO intentionally withheld discoverable information for a period of over 18 months before deciding to half-heartedly disclose it, in the form of a 500

8

page list of job sites and site workers, with less than one month left to complete discovery in CVLO 3 cases.  If the witnesses do not and did not have asbestos-related claims of their own, it is unclear for what purpose CVLO is representing them, suffice it to say that if CVLO is representing those witnesses in their simple capacity as witnesses in asbestos litigation, it is reasonable to assume that they have a basis for doing so because they have learned something about what those witnesses know from talking to them.  Again, if they have agreed to represent these witnesses simply as witnesses and have not disclosed the substance of their expected testimony in response to the questions posed in the standard interrogatories, they have again deliberately withheld information sought long ago in written discovery.  Lastly, presumably, CVLO disclosed these witnesses because they talked to them, and had reason to believe that the witnesses would have something to say about the Defendants.  If CVLO knew they would have testimony against the Defendants, but failed to disclose this information to the Defendants until shortly before discovery closed, such a concealment by CVLO is in bad faith.  If CVLO does not have any reason to believe that the witnesses will have testimony against the Defendants, then they are disclosing witnesses with absolutely no basis, which in turn burdens the Defendants and, again, runs contrary to their obligation under Rule 11 that they have facts to establish their *prima facie* case.

In addition, CVLO's claim that the job site worker lists and past testimony lists were served after CVLO "recently located case law under FRCP 26 which suggests knowledge possessed only by counsel on certain discovery requests should be disclosed" (*See Exhibit C*) is illogical given CVLO's conduct during the progression of these cases in the MDL.  As early as February 2012, and possibly earlier, CVLO was already answering the standard interrogatories based on their own attorney knowledge.  For example, in the *Stanley Vradenburg* matter, ED-PA

Case No. 09-cv-62185, Plaintiff's First Response to Standard Interrogatories – February 14, 2012, provided the following response to interrogatory number 19: "Plaintiff has no personal knowledge responsive to this interrogatory. *Based on their investigation, Plaintiff's attorneys state*: Mr. Vradenburg worked as a Laborer at the jobsites listed in the attached Exhibit A." (*See* Plaintiff's First Response to Standard Interrogatories served in the Stanley Vradenburg matter, p. 6, attached hereto as *Exhibit M*) (emphasis added).  Moreover, CVLO attorneys have stated as much during depositions:

> Q.  Sir, do you see how -- this is a series of questions.  Did you help prepare any of the answers to the questions that are in this document?
>
> MR. ARCHER:  Vague and ambiguous as to "help prepare." Assumes facts not in evidence.
>
> Q.  Did you understand my question?  If not, I can rephrase it.
>
> A.  Rephrase it.
>
> MR. ARCHER:  Lacks -- lacks foundation.  And the only reason why is because there's some information in these responses that we do research on to find out answers for you people, and there's some information that he gave us probably two years ago or six months ago or we had from a long time ago where he actually gave us the information –

(*See* relevant portions of Plaintiff Douglas Rome's Deposition, attached hereto as *Exhibit N*, 14:22-24; 15:1-14).  Therefore, CVLO's assertion that they began serving the *In Re All* job site worker lists and past testimony lists when they recently discovered case law is inconsistent with their course of action and statements far before they served the first job site worker list and past testimony list in June 2012.

In light of the above, CVLO should be barred from calling any of the witnesses included in the June 12, 2012, job site worker list or past testimony list to testify at trial or from offering

affidavits or declarations in opposition to dispositive motions from any of those witnesses, as the information should have been disclosed to Defendants when the responses to the standard interrogatories were due, and Defendants have no way of utilizing the list to determine which witnesses may be called against them.[2]

### B. CVLO should be barred from calling any witnesses included in the *In Re All Supplemental Lists* served on August 24, 2012, September 14, 2012. September 24, 2012, September 28, 2012, October 1, 2012, and October 12, 2012, because they were all served after the close of discovery

On August 24, 2012, September 14, 2012, September 24, 2012, September 28, 2012, October 1, 2012, and October 12, 2012, CVLO served supplemental job site worker lists and past testimony lists. The lists were served in all CVLO cases, including those cases placed on the CVLO 3 scheduling order. Any attempt by CVLO to supplement fact witness disclosures for CVLO 3 cases with these supplemental lists is untimely and should not be allowed. Applying the four factors discussed in *Unzicker*, CVLO should be barred from calling any of the witnesses included in the August 24, 2012, September 14, 2012, September 24, 2012, September 28, 2012, October 1, 2012 and October 12, 2012, job site worker lists or past testimony lists to testify at trial or from offering affidavits or declarations in opposition to dispositive motions from those witnesses. First, allowing CVLO to rely on these supplemental job site worker lists and past

---

[2] Indeed, CVLO agreed during the July 13, 2012, conference that they needed to provide the Defendants with specific information, connecting a Defendant with any particular Plaintiffs' alleged asbestos exposure:

> Mr. McCoy: The only thing I would add is that -- is to make the disclosure of the job site the guy is going to testify about, and the products that he's going to implicate, or the -- whatever it is -- who's got the product --
>
> THE COURT: Right.
>
> MR. MCCOY: -- with asbestos on it.
>
> THE COURT: Right.
>
> MR. MCCOY: Which we can do.

(*See Exhibit D*, 21:21-25; 22:1-4).

11

testimony lists for the cases included in CVLO 3 would be incredibly prejudicial against defendants. All of these lists were *served after the close of discovery*.

Second, the Defendants did not have the ability to cure the prejudice. These supplemental job site worker lists and past testimony lists were served *after* this Court's July 17, 2012 Order concerning Certain Defendants' Motion to Strike the June 12, 2012, job site worker list and past testimony list. In that Order, the Court stated that "the list's generality and lack of detail render it incapable of being used by any defendant in any particular case." (*See Exhibit E*, p.2). Indeed, the Court even urged CVLO to be "clear-eyed about the listing's deficiencies." (*Id*. p. 3). Despite having clear warning from the Court about the need for the lists to be more specific in order for them to be of any use to defendants, CVLO continued to supplement its lists without providing any more specific information which would tie any site worker's potential testimony to any specific plaintiff. (*See, e.g., Exhibit G*, p. 20). Therefore, even if the Defendants had wanted to ask for time to conduct discovery outside of time, the Defendants were in no position to use any of the information included in the supplemental lists to determine whether to depose any of those witnesses for any particular case. The lists produced were simply too large and too vague to be of any reasonable use to Defendants.

Third, allowing CVLO to rely on the job site witnesses disclosed in the lists served on August 24, 2012, September 14, 2012, September 24, 2012, September 28, 2012, October 1, 2012, and October 12, 2012, would disrupt the progress of these cases. The Defendants have been working up the cases included in CVLO 3 based on the testimony that has been elicited in depositions that have gone forward in these cases. The list of job site workers is now over 1,500 pages long. To allow CVLO to choose any of those witnesses to produce a last minute affidavit or declaration in an attempt to defeat a defendant's motion for summary judgment or to testify at

trial after remand, could exponentially expand the facts of the case far beyond what they had been at the close of discovery.

Fourth, as stated above, CVLO received clear instruction from this Court's July 17, 2012, Order, and from the conversations had between the Court, CVLO and Defense Liaison Counsel during the July 13, 2012, hearing, that these lists were unhelpful and did not specifically tie any site worker witness to any particular case. Despite these warnings, CVLO continued to serve these general lists, which lack detail and fail to provide information connecting any witness's testimony to any plaintiff's case. Therefore, CVLO should be barred from calling any witness disclosed in the August 24, 2012, September 14, 2012, September 24, 2012, September 28, 2012, October 1, 2012, and October 12, 2012, job site worker lists or past testimony lists.

### C. CVLO should be barred from calling any witnesses included in the July 13, 2012 supplemental job site worker list and past testimony list because it was served on the day that discovery closed for CVLO 3 cases

On July 13, 2012, the day that discovery closed for CVLO 3 cases, CVLO served (after the close of business) its first supplemental lists of job site workers and past testimony. The list of job site workers grew to 623 pages, and the list of past testimony grew to 179 pages. CVLO's dilatory tactics are not an isolated occurrence. For example, in the *Unzicker* matter, just two days before the close of discovery, CVLO disclosed for the first time a twenty-one page list of witnesses and a list of depositions in 180 other cases. Defendant General Electric moved for sanctions, seeking, among other relief, an order striking CVLO's supplemental responses. (*See* docket entry number 136, Eastern District of Pennsylvania case number 11-cv-66288). On May 25, 2012, this Court struck CVLO's supplemental responses in the *Unzicker* case. (*See* docket entry number 179, Eastern District of Pennsylvania case number 11-cv-66288). In this Court's May 31, 2012, Memorandum to this Order, this Court held:

>Because Mr. Unzicker failed to verify his supplemental interrogatory responses before the end of discovery, those unverified answers have been struck. *However, even if the supplementary answers had been verified we would have still been likely to strike them for being unduly prejudicial to GE, in light of the expansive nature and their submission two days before the end of discovery.*

(*See Exhibit O*, p. 13) (emphasis added).

CVLO's July 13, 2012 supplements to the job site worker list and the past testimony list present a similar set of facts to *Unzicker*. There is absolutely no way that the Defendants, on the day that fact discovery closed, could have done anything with the supplemental job site worker list and past testimony list served by CVLO. This amounted to another untimely discovery dump by CVLO, and again, the prejudice is incurable because of the general non-specific nature and incredible amount of information provided.

WHEREFORE, Certain Defendants respectfully request that this Court enter an Order barring those witnesses included in Cascino Vaughan Law Offices' ("CVLO"), "Site workers by job sites for IL & WI job sites" and "Site worker witness past testimony by jobsite for IL & WI job sites" and all supplements to the same, from testifying at the time of trial or from offering affidavits or declarations in opposition to Defendants' dispositive motions, where witnesses have not been otherwise properly disclosed for cases included in CVLO 3 and for such further relief as this Court deems just and proper under the circumstances.

THIS the 22nd day of October, 2012.

    Respectfully Submitted,

    */s/ Jennifer M. Studebaker*
    JENNIFER M. STUDEBAKER (MSB 10433)

    ATTORNEY FOR:
    CBS CORPORATION, A DELAWARE
    CORPORATION, F/K/A VIACOM, INC.,
    SUCCESSOR BY MERGER TO CBS
    CORPORATION, A PENNSYLVANIA

                                    CORPORATION, F/K/A WESTINGHOUSE
                                    ELECTRIC CORPORATION
                                    GENERAL ELECTRIC COMPANY
                                    GEORGIA-PACIFIC LLC
                                    OWENS-ILLINOIS, INC. D/B/A O-I
                                    UNION CARBIDE CORPORATION

OF COUNSEL:
**FORMAN PERRY WATKINS KRUTZ & TARDY LLP**
200 South Lamar Street
City Centre, Suite 100
Jackson, MS 39201

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 22nd day of October, 2012, I caused to be filed via the CM/ECF system, the foregoing document and that the service will be made on all participants in the case by the CM/ECF system.

                                            */s/ Jennifer M. Studebaker*
                                            JENNIFER M. STUDEBAKER