IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL AHNERT | : | MDL-875 |
| | : | |
| v. | : | PA-ED Case No. 10-67443 |
| | : | |
| CBS CORPORATION, et al. | : | |

**ORDER**

**AND NOW**, this 24th day of October, 2012, upon consideration of Plaintiff's "Owens-Illinois, Inc.'s Motion for Sanctions" (Doc. No. 226) and the response (Doc. No. 251) it is hereby **ORDERED** that the motion is **DENIED**.[1]

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[1] OI seeks the sanction of barring CVLO from using a co-worker's testimony and the expert reports relying on that testimony against OI. Specifically, OI contends that CVLO should be sanctioned for eliciting testimony at a deposition about the product Kaylo even though OI was not listed on the deposition notice as a defendant about which the witness was expected to testify in apparent violation of Paragraph 6 of the Deposition Protocol. Neither the witness testimony nor the expert reports at issue mention OI, only Kaylo. CVLO has represented that it purposefully did not include OI on the deposition notice because the witness would only be discussing Kaylo in the context of early 1960's new construction. CVLO claims that OI sold the Kaylo business and stopped producing and selling it by 1959, thus, they never intended to use the testimony or the expert reports relying on the testimony against OI. CVLO asserts that they seek to use the testimony and expert reports only against those they believe were responsible for Kaylo during the early 1960's. We accept CVLO's representations and on that basis we deny the motion.