**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)<br><br><br>Cases on Attached Exhibit A | Civil Action No. MDL 875 |

**Plaintiff's Response in Opposition to Certain Defendant's Motion to Bar Those Witnesses Included in Cascino Vaughan Law Offices' ("CVLO") "Site Workers By Job Sites for IL & WI Job Sites" and "Site Worker Past Testimony by Jobsite for IL & WI Job Sites," Where Witnesses Have Not Been Otherwise Properly Disclosed Against Defendants for Cases Included in CVLO 3, and All Supplements to the Same**

Plaintiffs submit this Response in Opposition to Certain Defendants' Motion to Bar Those Witnesses Included in Cascino Vaughan Law Offices' ("CVLO") "Site Workers By Job Sites for IL & WI Job Sites" and "Site Worker Past Testimony by Jobsite for IL & WI Job Sites," Where Witnesses Have Not Been Otherwise Properly Disclosed Against Defendants for Cases Included in CVLO 3, and All Supplements to the Same.

Certain defendants seek to bar persons listed on CVLO's "Site workers by job sites for IL & WI job sites" and "Site worker witness past testimony by jobsite for IL & WI job sites" (collectively "the lists") from testifying at trial or from offering affidavits or declarations in opposition to defendants' dispositive motions. In an order dated July 17, 2012, Judge Strawbridge declined to grant defendants' earlier motions to strike CVLO's first rendition of the same lists filed in a limited number of cases. CVLO has continued to serve supplements of the

1

lists at intervals of approximately every two weeks and expanded the lists to include all CVLO MDL 875 cases.  On October 12, 2012, at the suggestion of defense counsel and the court, CVLO began to include a list which specifically identifies the updates or changes from the earlier list.  CVLO also has agreed to make the living persons on the list available for deposition.

Defendants now move to strike the supplements made pursuant to Federal Rule of Civil Procedure 26(e).  Certain defendants' motion should be denied for the reasons set forth below.[1]

## I. _Persons Included In the June 12, 2012 Supplemental Job Site Worker List Should Not Be Barred_

The genesis of the lists in question was case law stating that providing attorney knowledge is distinct from disclosing what clients know about their own cases. (Ex 1 at 17-18.) As discussed in earlier CVLO briefs, the lists were prepared and are supplemented to avoid possible sanctions for not disclosing information based on attorney knowledge.  (Ex 1 at 4-10.) This court ruled, over objections by defendants, that CVLO properly disclosed and supplemented the lists to avoid sanctions.   (July 17, 2012 Order at p. 2, FN 4. ) Certain defendants now contend CVLO should be sanctioned for withholding the very same information which defendants previously argued was improper to have disclosed in the first instance.  Defendants have no legal basis to strike the lists which contain the information defendants previously challenged as improper disclosures.

_____

[1] Plaintiff incorporates herein the document titled Plaintiffs' Response to Defendants' Motions to Strike Based on Untimely Discovery Responses  filed in the _Ahnert v CBS Corp.,_ Case No. 10-CV-67443, Doc. No. 191.  A copy of Plaintiffs' Response to Defendants' Motions to Strike Based on Untimely Discovery Responses is attached as Exhibit 1.

First, certain defendants argue "CVLO should be barred from calling any witnesses included in the June 12, 2012, site worker list and past testimony list because the lists were an untimely and inadequate attempt at supplementing CVLO's answers to the standard interrogatories." (Def. Mot. at 7-11.)  The CVLO-3 scheduling orders have no deadline for "fact witness" disclosures.  The CVLO-3 scheduling orders have no Rule 26(a) disclosure deadlines for fact witnesses.  The lists are compilations of siteworker names as requested in the standard interrogatories.  Defendants do not point to any specific testimony which should be stricken.  As certain defendants' brief reflects in quoting Rule 37(b), sanctions are only warranted if Rule 26(a) or (e) have been violated.  No Rule 26(a) order was ever entered and the supplemental lists in question have been made to conform with Rule 26(e). (Def. Mot. at 6.)  The Third Circuit requires a "flagrant disregard" of a court order before the discovery sanction of striking can be imposed.  In *Aguilar v. WEI Equipment*, 2003 WL 22120268 at *2 (E. D. Pa. 2003), Judge Robert F. Kelly rejected arguments that both fact and expert witnesses should be stricken for failure to comply with Rule 26(a), stating: "Since this Court has not issued any discovery orders in this matter, Plaintiff cannot be in violation of any such order, and thus, Defendant fails to present a cognizable claim under Rule 37(b)."

Defendants have not presented a controversy for resolution under Rule 37 or other federal rule of civil procedure because they fail to specify the particular evidence they claim should be stricken or describing how or why allowing such evidence violates Rule 26(a) or (e).  The rules do not permit striking discovery responses or supplements that do not violate any discovery order or rule.

3

Certain defendants also contend plaintiffs' responses to standard interrogatories are untimely in light of the February 21, 2011 discovery order of Judge Reed.  This allegation lacks merit.  As discussed in the plaintiffs' response to motions to strike in the *Ahnert* case, Judge Reed's order was entered during the mediation phase of the cases and thus does not have any application to the trial preparation phase of the cases.  (*See* Ex 1,  *Ahnert v CBS*, Case number 10-CV-64473, Doc. No. 191 at 12-13.)  Even assuming a deadline for standard interrogatory responses existed, plaintiffs had an ongoing duty to supplement their discovery responses under Rule 26(e).  Accordingly, plaintiffs had a legal obligation to provide the lists -and the supplementations- in question.

Second, without specifying the evidence they claim should be stricken, certain defendants accuse CVLO of Rule 11 violations.  Defendants argue: "CVLO should have determined what evidence they had against the Defendants *before* they filed the complaints which comprise the CVLO 3 cases." (*Id*. at 7.)  Essentially, certain defendants argue  potential witnesses must be able to recall- in one interview- everything relating to events that occurred 30 or more years ago, and CVLO must know everything each client observed about potentially hundreds of other clients, including but not limited to their work histories at hundreds of job sites involving hundreds of asbestos products.  CVLO's normal procedure for investigating cases and interview potential witnesses establish that certain defendants' claims that CVLO withheld unspecified discoverable information are frivolous. The process of collecting and supplementing CVLO's database of attorney knowledge about job sites, products, and potential witnesses is set forth in the attached declaration of CVLO attorney Robert G. McCoy.  (*See* Ex 2.)

4

Certain defendants also claim the lists should be stricken because defendants "are unable to determine which witnesses included on the June 12, 2012, job site worker list and past testimony list may be used against them." (Def. Mot. at 8.)  The lists are supplements to standard interrogatory answer numbers 16-18 and 20 which ask for the identity of persons "including the persons who worked with you or at the same job site, and their current or last know addresses" as the injured person, and standard interrogatory answer number 29 which asks about "the existence of any statements" relating to the injured person's claims.  The standard interrogatories ask for the identity of all coworkers at a job site.  The purpose of the lists is to respond to that question. While certain defendants allege the CVLO lists are "unhelpful," the purpose of the lists is to respond to the interrogatories agreed upon by the parties, including certain defendants.  Motions to strike specific testimony can be dealt with in the context of each specific case.  The lists at issue in this motion were not intended, standing alone, to be statements of evidence for summary judgment or trial.

In response to this court's scheduling orders which converted the mediation proceedings to trial preparation, CVLO hired a large number of additional staff - attorneys and legal assistants - to conduct interviews and depositions of coworkers.  (Ex 1 at 5.) As more coworkers were interviewed and depositions completed in CVLO cases with common job sites, the amount and reliability of the data collected by CVLO counsel increased (Ex 1 at 5.)  Many coworkers were interviewed multiple times about different products, job locations, and possible fellow coworkers. (Ex 1 at 5.)  Some coworkers were deposed on multiple occasions.  During this ongoing interview and deposition process, CVLO developed a searchable database of

information which could be used for any case. (Ex 1 at 5.)  In may, 2012, CVLO began using this database to disclose the attorneys' knowledge, as distinct from client knowledge, of persons who can testify about job site exposures, products, or conditions.  As the accuracy and amount of information available continues to grow, CVLO supplements the disclosures of the attorney database information on an ongoing basis[2].  (Ex 1 at 6.)   CVLO took similar steps to compile a database of past testimony by witnesses, job sites, and products. (Ex 1 at 6.)  The past testimony database has also been disclosed and supplemented in CVLO MDL 875 cases.

Certain defendants' motion seeks to preclude supplemental information learned about and added to the CVLO attorney database after the close of fact discovery.  Supplementation of fact witness  testimony in the Third Circuit is governed by *Meyers v Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894 (3d Cir. 1977) .  *Meyers* held the trial court improperly excluded newly identified fact witnesses first identified eighteen days before trial[3].  If the addition of a completely new witness within 18 days of trial is permitted under *Meyers,* supplementation of what a previously identified person knows is also permitted, especially where, as here, the CVLO cases at issue do not have trial dates.

*Meyers* holds the proper remedy is to allow for discovery of newly disclosed witnesses. CVLO has agreed to additional depositions of persons when CVLO learns the identity of the

---

[2] Since the first disclosure for all CVLO cases disclosure on June 12, 2012, plaintiffs have supplemented the database disclosures for all CVLO-4 cases on about August 23 2012, and for all CVLO cases on on July 13, 2012, August 24, 2012, September 14, 2012, September 24, 2012, October 1, 2012, October 12, 2012, and October 26, 2012.

[3]The witnesses in *Meyers* were also identified after fact witness disclosure deadline.  The CVLO MDL 875 cases do not even have such a deadline.

person, or learns that a previously disclosed person can provide supplemental information about coworkers or products.  (*See, e.g., Krik v. BP America*, E.D. Pa. Case No. 11-CV-63473, Doc. No. 334 stating "Plaintiff does not oppose the relief of reopening the deposition for allegedly new matters in the declaration").

The Third Circuit case law requires a finding of intentional non-disclosure or violation of a court order before it will strike a witness as untimely.[4]  "The exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Quinn v. Consol. Freightways Corp. of Del.*, 283 F.3d 572, 576 (3d Cir.2002) (quoting *Meyers,* 559 F.2d 894 (3d Cir.1977)). Another example is the decision in *Sheehan v. Delaware & Hudson Railway Company, Inc.*, 439 Fed. Appx. 130, 132 (3d Cir. 2011), which affirms the discretion of the trial court in allowing fact witness testimony at trial although the tendering party had not complied with discovery obligations in disclosing the testimony.   The court noted the lack of bad faith and found the "testimony would not disrupt the trial." 439 Fed. Appx. At 133.

In *Taylor v. Amcor Flexibles, Inc.*, 2012 Dist. Lexis 13851 *9 (D.N.J., Feb 6, 2012),

---

[4] For bad faith, the knowledge of the disclosing party is generally governed by the standard of "knowing concealment."  "Before any duty arises for party to disclose newly discovered facts which render prior answer incorrect, it must be shown that failure to disclose new facts would amount to *knowing concealment.*"  *Havenfield Corp. v. H & R Block, Inc.*, 509 F.2d 1263 (8th Cir. 1975) (emphasis added).  Similarly, "Rule 26(e) is designed to prevent a party from surprising his adversary in setting forth new acts *at trial* not disclosed during discovery; before any duty to supplement responses arises, it must be shown that failure to disclose new facts will amount to knowing concealment." *PIC, Inc. v. Prescon Corp.*, 485 F.Supp. 1299 (D.C. Del. 1980) (emphasis added).  The Third Circuit has imposed a similar "bad faith" standard: "Party's possible failure to provide names of two witnesses in its self-executing disclosures or to disclose them in response to interrogatories was not in bad faith and opponent knew names of witnesses and scope of their relevant knowledge well before trial." *Newman v. GHS Orthopedic*, 60 F.3d 153 (3d Cir. 1995). There is no showing of any bad faith by the plaintiffs or CVLO.

Judge Noel Hillman analyzed the four factors identified in *Meyers* and allowed use of deposition testimony taken 2 years after the close of discovery.  The court noted that the striking the testimony "equates to a sanction of dismissal of Plaintiff's claim." 2012 Dist. Lexis 13851, at *12.  The court noted the "well settled preference of the Third Circuit is to decide cases on the merits."  2012 Dist. Lexis 13851, at *12-13.

Certain defendants' reliance on *In re TMI Litigation*, 193 F.3d 613 (3d. Cir. 1999), a case which applied the same factors as *Meyers*, is misplaced.  In *TMI*, plaintiffs repeatedly made untimely filings of experts' reports and "covert" filings of expert reports.  *TMI*, 193 F.3d at 721-22.  Further, and in sharp contrast with the instant cases, specific dates had been set by court order for the filings and discovery had been open for "nearly a decade." *Id.  TMI* also involved moving a trial date if the untimely expert reports were allowed. *Id.  TMI* is not analogous to the CVLO cases.  By comparison, discovery during the pretrial/trial phase in CVLO cases has only been open for a few months.  The CVLO plaintiffs did not fail to meet a court ordered deadline for witness disclosures.  No trial dates will need to be changed for CVLO cases at issue because none have been remanded for trial.

Other jurisdictions follow similar practices of extending discovery deadlines to depose late disclosed witnesses as opposed to excluding their testimony altogether.  In *Lesser v. Camp Wildwood,* 2003 WL 22228757 (S. D. N. Y. 2003), the court ordered the reopening of fact discovery after defendant's counsel did not disclose two witnesses until the day before the close of fact discovery.  Although the court criticized the conduct of the defendant's counsel and even stated counsel acted in bad faith, the court still did not resort to the extraordinary sanction of

excluding the defense witnesses.  (*Lesser,* 2003 WL 22228757, at *8.)  Rather, the court allowed

plaintiff to conduct additional discovery including depositions from the two witnesses and other

witnesses that might be necessary.  (*Id.*)

    Certain defendants also contend "CVLO was already answering the standard

interrogatories based on their own attorney knowledge." (Def. Mot. at 9-10.)  In doing so, certain

defendants cite to comments made by CVLO attorney Ron Archer during a February, 2012

coworker deposition. (*Id.*)  The statements do reflect CVLO made limited disclosures of attorney

knowledge in the standard interrogatory responses of certain clients.  CVLO has never contended

otherwise.

    The lists at issue originated from a later decision by CVLO to make comprehensive

disclosures of attorney knowledge for all CVLO MDL 875 cases.  The later decision of involved

devoting resources to create a database of all CVLO attorney knowledge for all job sites and site

workers.  The reasons for and timing of the comprehensive disclosures of attorney knowledge are

explained fully in the declaration of Robert G. McCoy, lead CVLO counsel for the MDL 875

discovery and trial preparation work, attached as Exhibit 2, and related the briefing.

II.    ***Persons Included In the  August 24, 2012, September 14, 2012. September 24, 2012, September 28, 2012, October 1, 2012, and October 12, 2012 Supplemental Job Site Worker List s Should Not Be Barred***

    Certain defendants argue "CVLO should be barred from calling any witnesses included in

the *In Re All* Supplemental Lists served on August 24, 2012, September 14, 2012. September 24,

2012, September 28, 2012, October 1, 2012, and October 12, 2012, because they were all served

after the close of discovery." (Def. Mot. at 11-13.)  In support of their argument, certain

defendants cite to four factors commonly cited throughout the Third Circuit. (*See Meyers v.*

*Pennypack Woods Home Ownership* Assoc., 559 F.2d 894 (3d. Cir. 1977); *see also Unzicker v.*

*A.W. Chesterton*, 2012 WL 1966028 (E.D.Pa. 2012).)

     In the event the court decides to consider excluding the persons on the lists by treating

them as "witnesses," the factors to be analyzed before excluding witnesses in the Third Circuit

include: "(1) prejudice or surprise in fact of the party against whom the excluded witnesses

would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which

waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial

of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with

the district court's order."[5] *Meyers* at 904.

     Applying the four factors, the court of appeals in *Meyers* found that plaintiff properly

cured the omission of the witness from earlier lists by sending a disclosure letter three weeks

before trial and agreeing to a deposition of the witness.  *Id.* at 905.  Likewise, CVLO plaintiffs

have cured any non-disclosure by supplementing their discovery answers months, if not years, in

advance of the trial, agreeing to depositions of the persons on the lists, and disclosing past

testimony of such persons in the possession of CVLO.  The *Meyers* court also weighed the case

law disfavoring exclusion of the evidence against the alleged prejudice to defendant and possible

---

    [5]  By addressing in this brief the argument the issues of excluding persons on the lists, plaintiffs
do not concede the issue of and untimely disclosed "witness" is the properly before the court.  As stated
in above and in past briefs, the lists do not serve as "witness" lists.  The court has never ordered
disclosure of fact witnesses.  The lists respond to standard interrogatories about "siteworkers" with
knowledge of a site.  As mentioned at the outset of this brief, defendants do not specify any testimony of
a specific witness to be stricken.

disruptive effect on trial. *Id.* The court found that the alleged prejudice to the defendant was not significant because of the timing of the letter sent by plaintiff and the eighteen days which remained prior to trial. *Id.*

As in *Meyers*, analysis of the four factors weighs in plaintiffs' favor in the CVLO cases. First, there is no bad faith. Plaintiffs' counsel provided information based on attorney knowledge that related to site workers and prior testimony, when reliable and accurate data became available and counsel learned of the potential case law obligations under FRCP 26. Second, the prejudice to defendants is insignificant because they can depose any of the living site workers listed, although they historically have failed to do so. Third, plaintiffs' counsel attempted to cure the alleged prejudice by continually supplementing the information. Finally, the trial of these cases will not be disturbed because no trial dates have been assigned. (*See generally Ahnert v CBS*, Case number 10-CV-64473, Doc. No. 191.) Once again, defendants are asking plaintiffs to be sanctioned for complying with the rules, not for violating an order.

Certain defendants further contend the lists should be stricken because they were served after the close of discovery. To the contrary, by making and continuously updating disclosures of persons with knowledge and the past testimony lists, CVLO is complying with Rule 26(e). The duty to supplement is mandatory and unrelated to the close of fact discovery. To strike such required supplemental disclosures is contrary to Rule 26(e), which states the parties "must supplement or correct its disclosure or response" when counsel "learns the response is incomplete or incorrect."

The CVLO client disclosure of lists of coworkers and past testimony based on attorney

knowledge began in the spring of 2012 when CVLO first learned of federal case law

differentiating the disclosure of attorney knowledge from the disclosure of client knowledge. (Ex

1 at 16-17.)   The next step in the process was to create databases with reliable information to be

able to disclose the knowledge of counsel.  Once these databases were created, CVLO began to

make regular supplemental disclosures of attorney knowledge to go with the standard

interrogatory answers.  The reasons for the supplementation were explained in the July 12, 2012,

transmittal email from a CVLO attorney which stated:

> CVLO provides the attached lists of 1) Site Workers by Job Site for IL & WI Jobsites and
> 2) Site Worker Witness Past Testimony by Job Site for IL & WI Jobsites as responses to
> standard interrogatory nos. 16-18 and 20 that ask for persons "including the persons who
> worked with you or at the same job site, and their current or last known addresses" as the
> injured person, and to standard interrogatory no. 29 which asks about "the existence of
> any statements" relating to the injured person's claims.  These lists provide CVLO's
> attorney knowledge of such answers. . . . The information in the database has been
> reviewed and corrected during ongoing investigation of the MDL cases.  Plaintiff's
> attorneys now believe the information on the site workers  and past testimony relating to
> job sites, although not completely accurate, is now reliable enough to warrant disclosure
> under the case law.  These lists are made by CVLO and not by clients.   As such they are
> signed by CVLO as counsel.

(Ex 3.)

Certain defendants' motion to strike do not contest that CVLO counsel first learned of the

obligation to disclose attorney knowledge in about March of 2012.  The motions to strike

similarly do not contest that CVLO needed time to compile and assemble its knowledge in a

database format that could be produced to the defense.  This tacit acceptance of the factual

underpinnings regarding the supplementation of the standard interrogatories defeats certain

defendants' claims that the supplementations were untimely.   Rule 11 has no application to good

faith ongoing efforts made by CVLO to provide complete and accurate data.

The Rule 26(e) duty to supplement discovery continues after any deadline for the close of discovery.  The ability to use witnesses cannot be frozen in time as of the date of the close of discovery.  But this is what certain defendants are asking the court to do.  Certain defendants' motion to strike is asking the court to: (1) Ignore the duty to supplement under Rule 26(e); and (2)  sanction plaintiffs for plaintiffs' compliance with Rule 26(e).  Granting certain defendants' motion to strike would turn Rule 26(e) on its head by punishing plaintiffs for complying with the federal rules.

Certain defendants also make the comment that the lists are "unhelpful."  However, defendants do not allege, nor can they show that the lists are not responsive to the relevant interrogatory questions.  Defendants also fail to cite to any case law stating discovery responses that are "unhelpful," yet responsive to relevant discovery requests should be stricken.

Defendants also contend that the lists do not  provide complete information needed to pursue the claims.  Defendants cite comments on a transcript made by attorney Robert McCoy of CVLO and argue the comment means CVLO knew the lists did not cover the information needed to prove the exposures. (Def. Mot. at p. 11, FN 2.)  CVLO does not disagree.

The cited comment is an acknowledgment by Mr. McCoy that at the summary judgment stage, plaintiff will have to provide the necessary information about products and job sites to prove exposure.  Mr. McCoy's comment does not change the written description which CVLO provided when serving the lists which described the lists as the available attorney knowledge responsive to standard interrogatories.  CVLO has never claimed the lists are statements of all evidence to defend summary judgment or to present for trials.

13

***III.***     ***Persons Included In the July 13, 2012 Supplemental Job Site Worker List Should Not Be Barred***

      Certain defendants argue "CVLO should be barred from calling any witnesses included in the July 13, 2012, supplemental job site worker list and past testimony list because it was served on the day that discovery closed for CVLO 3 cases." (Def. Mot. at 13-14.)   In the event the court decides to consider excluding the persons on the lists by treating them as "witnesses," the Rule 26(e) supplementations of list of persons with knowledge or past testimony are analyzed under the Third Circuit's four factor test cited above at page 9, *supra*.  CVLO's regular supplements of the lists in question satisfy the four factor test in *Meyer*.  First, there is no bad faith or violation of a court order.  CVLO made and continues to make the Rule 26(e) supplementation based on attorney knowledge when reliable and accurate data was or is available to CVLO through the investigation and compilation of evidence as described in the affidavit of attorney McCoy. (Ex 2.)   Second, the prejudice to defendants is insignificant because CVLO agrees defendants can depose any of the living site workers listed - although  historically defendants have shown no interest in doing so.  Finally, trial of these cases will not be disrupted because the cases have not been remanded to be scheduled for trial.

**Conclusion**

      Certain defendants' motion to bar persons or information included on Rule 26(e) supplementations of the  "Site Workers By Job Sites for IL & WI Job Sites" and "Site Worker Past Testimony by Jobsite for IL & WI Job Sites" lists  should be denied for the above mentioned reasons.

14

Dated: November 6, 2012


Respectfully submitted,


*/s/ Robert G. McCoy*
Attorney for Plaintiffs

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Ave.
Chicago, Illinois 60607
312.944.0600