<u>Declaration of Robert G. McCoy - December 4, 2012</u>

Robert G. McCoy declares as follows.  I am an attorney at Cascino Vaughan Law Offices. I make this declaration based on my personal knowledge in support of plaintiffs' Motion To Reconsider and Clarify Order Entered November 16, 2012 Re Striking Interrogatory Answers and declare as follows:

1.      CVLO was responsible for drafting the text of the pages for the client signature for MDL 875 interrogatory answers.

2.      After review and consideration of the Court's November 16  ruling, CVLO began to promptly correct the signature defects in the 14 cases where the court found defective signatures.  CVLO revised the signature page of the interrogatory answers to state: "[Personal Representative's Name] as the personal representative of [Deceased Party to Lawsuit] states that the answers provided in the [Name of Interrogatory] are true and correct to the best of his/her information or belief."[1]  CVLO then transmitted the new signature page to the 14 plaintiffs (personal representatives) for signature.

3.      Beginning on or around June 12, 2012, CVLO wrote a format for MDL 875 interrogatory answers and client signature pages.  The objective of the format was to make clear distinctions between knowledge of counsel and knowledge of plaintiffs.  The distinction was determined to be necessary based on the language of FRCP Rule 33(a)(5) about the

---

[1]For living plaintiffs the corrected language states: "[Last, First Name] states that the answers provided in the Plaintiff's Signed Response to Standard Interrogatories are true and correct to the best of his/her information and belief."  The signatures are made "under penalty of perjury."

EXHIBIT
28

signature coming from the "person making the answers." Any misinterpretation of Rule 33 arising from CVLO's research was unintentional.

4.     The purpose of the bifurcated signature format was also to follow Rule 26, which distinguishes the signature requirements for disclosures by counsel and interrogatory answers under Rule 33. Based on these rules, CVLO concluded disclosures based only on knowledge of counsel were required to be signed only by counsel.

5.     After June 12, 2012, CVLO continued the practice of using the bifurcated format for providing both knowledge of plaintiffs and the knowledge of counsel within a single document based on the agreement to use the standard interrogatories format for disclosures. In limited instances the earlier version was used by mistake because certain staff were unaware of the new and proper format.

6.     Another purpose of the bifurcated format was to resolve concerns based on past experiences at CVLO client depositions.

7.     CVLO clients have been cross examined about interrogatory answers that provide attorney knowledge of potential witnesses or claims made in past cases. In such instances the client was forced to admit no knowledge of the truth of the matter. Defense counsel then implied or established during followup questions that the client had made the answer and the signature of the client was improper because of the lack of knowledge. Clients were intimidated by having signed an answer which they knew nothing about.

8.    As a regular business practice, CVLO maintains databases of documents served or

deposited at IKON record services during the MDL 875 proceedings. Exhibit 39 to

Plaintiffs' Motion To Reconsider and Clarify Order Entered November 16, 2012 Re

Striking Interrogatory Answers is a report compiled from data these databases maintained

in the regular course of CVLO's business representing plaintiffs in asbestos litigation.

The report lists the dates when standard interrogatory answers were deposited for each

case at IKON.

9.    Based on the records of CVLO, in each of the 14 cases where the court found plaintiff

signatures defective in the November 16, 2012 order, defendants did not provide an initial

notice of the coworker depositions of the persons disclosed in the February 21, 2011,

responses or in later updates made before the fact discovery close.[2]  Defendants also did

not file motions to compel additional information about the subject matter of the

testimony beyond what was disclosed in the standard interrogatory answers.

10.   CVLO considered the "fact discovery close" date as the time for providing updated

answers to standard interrogatories during the pretrial/trial phase proceedings.  CVLO

also understood such answers to be subject to later supplementation under Rule 26(e).

11.   Most of the evidence available when the complaints in the CVLO MDL 875 cases were

---

[2]Defendants only issued cross notices after plaintiffs initially noticed coworker
depositions under the protocol.

filed is no longer available due to the age of the potential witnesses and the passage of time.  Death, diminished recollection as time passes, and the health of the potential witnesses are the primary reasons for the evidence not being available.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 4, 2012

_____
Robert G. McCoy