**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
------------------------------------------------ x
IN RE: ASBESTOS PRODUCTS           :
LIABILITY LITIGATION (NO. VI)      :        CIVIL ACTION NO. MDL 875
------------------------------------------------ x
This Document Relates To:          :
------------------------------------------------ x
BEVERLY AHNERT, Individually and on :
Behalf of the Estate of DANIEL AHNERT, :    Transferee E.D. Pa.
Deceased,                          :           Case No. 10-cv-67443
                                   :
        Plaintiff,                 :
                                   :        Transferor E.D. Wis.
        v.                         :           Case No. 10-cv-00156
                                   :
CBS CORPORATION et al.,            :
                                   :
        Defendants.                :
------------------------------------------------ x
```

**OWENS-ILLINOIS, INC.'S
REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Owens-Illinois, Inc. ("Owens-Illinois") respectfully submits this reply to Plaintiff's Consolidated Response in Opposition to Motions for Summary Judgment (ECF No. 289) and in support of its Motion for Summary Judgment (ECF No. 244). In addition, Owens-Illinois concurrently submits its Motion to Strike the Declaration of Robert Wolter, the Affidavit of Robert Asmondy, and for Its Attorneys' Fees and Costs (ECF No. 292).

**INTRODUCTION**

Plaintiff's response is built entirely on Rule 37 violations and factual misrepresentations. As this Court explained in *Ferguson v. A.C. and S., Inc.*, ECF No. 276, 2012 WL 5839023, at *6-7 (E.D. Pa. Nov. 16, 2012), Plaintiff never provided any initial disclosures under Rule 26(a)(1), nor did she serve complete, properly verified answers to the Court-ordered standard interrogatories. Plaintiff also failed to serve complete, properly verified responses to Owens-Illinois's product-specific discovery. Thus, Plaintiff had at

least three separate opportunities and obligations to disclose her information or identify her witnesses against Owens-Illinois, and she failed to do so.  As a result, this Court held that Owens-Illinois was "free to seek its preclusion" and the prejudice "would be palpable" where, as here, Plaintiff ever attempted to use the undisclosed information.  *Id.*

In deviating widely from the record, Plaintiff has failed to create any genuine issue of material fact as to four issues.  First, there is no admissible evidence that Daniel Ahnert ever was exposed to any asbestos-containing product manufactured or sold by Owens-Illinois — much less the necessary evidence that it was a substantial factor in causing his asbestosis.[1]  (*See* Def.'s Mot. § IV.A.)  Second, there is no evidence to support any element of Plaintiff's civil conspiracy claim against Owens-Illinois.  (*See id.* § IV.B.)  Third, there is no evidence of malicious or intentional disregard to claim punitive damages.  (*See id.* § IV.C.)  Fourth, none of Plaintiff's disclosed experts has offered an admissible opinion that exposure to asbestos from a product manufactured or sold by Owens-Illinois was a substantial factor in causing the asbestosis.  (*See id.* § IV.D.)

Owens-Illinois is entitled to judgment as a matter of law on all counts.

## ARGUMENT

I.  **PLAINTIFF HAS NOT ESTABLISHED ANY GENUINE ISSUE OF MATERIAL FACT ON HER NEGLIGENCE AND PRODUCT LIABILITY CLAIMS.**

Plaintiff's response never comes to grips with her discovery violations in this case. In six short paragraphs of her 50-page response, Plaintiff instead tries to backfill new

---

[1]  Plaintiff now argues that her claims derive from mesothelioma. Not so. Her Complaint alleges one injury:  asbestosis. (Pl.'s Compl. ¶ 27, ECF No. 244-1.)  "A plaintiff may not amend a complaint by raising arguments for the first time in a brief in opposition to a motion for summary judgment."  *Warfield v. SEPTA*, 460 Fed. App'x 127, 132 (3d Cir. 2012); *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint.").  Claims that are raised after the close of discovery prejudice the defendant and the proper course of action was for Plaintiff to move to amend her pleadings during discovery.  *Spence v. City of Philadelphia*, 147 Fed. App'x 289, 291 (3d Cir. 2005).

exposure allegations that:  (1) Mr. Ahnert was exposed to insulation installed at Schlitz Brewery and Pabst Brewery in Wisconsin sometime between 1955 and 1959; and (2) Mr. Ahnert was exposed to insulation removed at Oak Creek Power Plant Unit 5 in Wisconsin in the 1980s.  Neither of her arguments is supported with any admissible evidence.  Fed. R. Civ. P. 37; *Ferguson*, 2012 WL 5839023, at *6-7; *see also Muldrow v. Brooks*, 34 Fed. App'x 854, 855 (3d Cir. 2002) (affirming exclusion under Fed. R. Civ. P. 37); *Morgan v. 3M*, No. MDL-875, 2011 WL 7573811, at *1 (E.D. Pa. Dec. 22, 2011); *Maddux v. Owens-Corning*, No. MDL-875, 2012 WL 3536319, at *1 (E.D. Pa. July 26, 2012); *Anderson v. AW Chesterton*, No. MDL-875, 2012 WL 2877405, at *1 (E.D. Pa. Apr. 5, 2012).

### A.      There Is No Admissible Evidence That Mr. Ahnert Was Exposed to Owens-Illinois Kaylo at Schlitz Brewery and Pabst Brewery.

First, Plaintiff argues that Mr. Ahnert was exposed to insulation at Schlitz Brewery and Pabst Brewery based exclusively on the "Declaration of Robert Wolter for Daniel Ahenrt [*sic*]."  (*See* Pl.'s Consol. Resp. Opp'n 17, 48.)  This declaration does not, however, provide admissible evidence that Mr. Ahnert was exposed to Owens-Illinois Kaylo.  In fact, the declaration should be stricken, and cannot be used to oppose summary judgment, as discussed in the Motion to Strike the Declaration of Robert Wolter, the Affidavit of Robert Asmondy, and for Its Attorneys' Fees and Costs (ECF No. 292).

Moreover, the declaration can show at most that "Kaylo is a brand of 3 foot long pipecovering that I [Robert Wolter] remember insulators using at Pabst and Schlitz."  (*See* Robert Wolter Decl. ¶ 6, Dec. 8, 2012, ECF No. 289-10.)  Merely showing a defendant's asbestos-containing product was used at a worksite is insufficient to survive summary judgment.  Wisconsin courts have rejected this "jobsite" theory when advanced by Plaintiff's counsel.  *Singer v. Pneumo Abex, LLC*, 2012 WI App 27, 339 Wis. 2d 490, 809 N.W.2d 900 (Wis. App. Ct. 2012).  Likewise, the Seventh Circuit has held repeatedly the identification

of "Kaylo" at a jobsite is insufficient to create a genuine issue of material fact on exposure. *Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1433 (7th Cir. 1996) (affirming summary judgment where "affidavit places OCF kaylo heat insulation in the ingot department where Harris worked"); *Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 97-98 (7th Cir. 1992) (affirming summary judgment where "Mr. Shine stated that he used 'Kaylo'" at the jobsite).

Based on the summary judgment record, the "Declaration of Robert Wolter for Daniel Ahenrt [*sic*]" should be stricken and there is no genuine issue of material fact because no admissible evidence shows that Mr. Ahnert ever was exposed to Owens-Illinois Kaylo at Schlitz Brewery and Pabst Brewery.

**B.      There Is No Admissible Evidence That Mr. Ahnert Was Exposed to Owens-Illinois Kaylo at Oak Creek Power Plant Unit 5.**

As a drastic fallback position, Plaintiff argues that Mr. Ahnert was exposed to insulation removed in the 1980s at Oak Creek Power Plant Unit 5 in Wisconsin. In doing so, Plaintiff either misrepresents the factual record or asks this Court to engage in improper speculation. There is simply no evidence—anywhere in the record—that Owens-Illinois Kaylo was installed at Oak Creek Power Plant Unit 5, that it remained there decade after decade, or that it was ever removed in Mr. Ahnert's presence. Indeed, Plaintiff's argument conflicts with her own assertions that her evidence cannot be "in reference to OI's products because the exposures at issue were after 1959 when OI ceased to manufacture and distribute Kaylo products" and it "pertains to the period of time after O-I ceased manufacturing Kaylo . . . [and] therefore pertains other defendants." (Pl.'s Br. 1-3, ECF No. 251; *see also* Order 1, Oct. 24, 2012, ECF No. 254 (relying on and accepting Plaintiff's position to deny sanctions).)

In her papers, Plaintiff makes a series of misrepresentations to argue her new position against Owens-Illinois.  First, Plaintiff asserts that "Records show that Owens Illinois insulation was installed on Unit 5 when it was constructed. (Ex 21.)."  (*See* Pl.'s Consol. Resp. Opp'n 17.)  Exhibit 21 is an invoice that does not support her assertion and does not identify Owens-Illinois or its insulation anywhere.  (*See id.* at Ex 21, ECF No. 289-26.)  Plaintiff's next sentence states, "The contract between Sprinkmann and WEPCO also provided for the use of Owens Illinois insulation on Unit 5. (Ex 22.)"  (*See id.* at 18.)  This citation does not support her representation.  Exhibit 22 is a contract dated December 19, 1958, which does not identify Owens-Illinois or its insulation anywhere.  (*See id.* at Ex 22, ECF No. 289-27.)  Furthermore, the contract is dated *after* Owens-Illinois had left the insulation business altogether and sold the Kaylo business to Owens Corning Fiberglas, a separate company that continued to make and sell Kaylo into the 1970s.  (*See id.*)

Next, Plaintiff attaches an invoice dated February 27, 1962, which again contains no information about Owens-Illinois, and she states that "Records also show that 1800 square feet of Calcium Silicate were shipped to Unit 5 at WEPCO. (Ex 23 at WE51193.)."  (*See id.* at 18; *id.* at Ex 23, ECF No. 289-28.)  None of this information is material to Owens-Illinois.  Finally, Plaintiff attaches a ledger from 1959 and 1960 — when Owens-Corning, not Owens-Illinois, manufactured and sold Kaylo.  (*See id.* at 18; *id.* at Ex 24, ECF No. 289-29.)  Based on this ledger, Plaintiff states that "WEPCO records also show that enormous amounts of asbestos insulation were delivered to and received by WEPCO in relation to Unit 5."  (*See id.* at 18.)  Plaintiff's "evidence" proves nothing as to Owens-Illinois.

Importantly, Plaintiff also has no testimonial or documentary evidence supporting her allegation that Owens-Illinois Kaylo was removed decades later in Mr. Ahnert's presence.  There is simply nothing for a jury to decide.  Speculation or conjecture, without

any evidentiary foundation, is not sufficient to create a genuine dispute and indeed is prohibited at summary judgment.  Plaintiff's own brief proves the point.  Oak Creek Power Plant Unit 5 used hundreds of types of insulation products, which were then replaced year-after-year with new types of insulation products.  (*See* Pl.'s Consol. Resp. Opp'n 2-9.)  As any insulator would, and did in fact, testify there is no way to determine the manufacturer after insulation has been installed.  (*See* Def.'s Mot. 13-14.)  Plaintiff cannot survive summary judgment based on her own speculation of the manufacturer's identity, let alone that the same insulation remained in-place for decades.

Wisconsin courts have entered summary judgment and specifically rejected this unreasonable inference that a plaintiff could have been exposed to an insulation product simply because it was installed somewhere at a jobsite at some point.  *Hughson v. Fiberboard Corp.*, No. 92-CV-003392, slip op. at 2 (Wis. Cir. Ct. Sept. 6, 1994) (attached as Def.'s Ex. L) (rejecting "plaintiff's position that since Kaylo was used at Oak Creek up to 1958, that it must still have been present in 1960").  As in *Hughson* and *Singer*, the "causation inference, to be reasonable, must be based on more than a 'mere possibility,'" and a jury would "have to pile inference upon inference" to arrive at the conclusion that, because a product may have been present at a worksite where the plaintiff worked, he was exposed to asbestos from the product.  *Singer*, 2012 WI App 27, at ¶ 21 (internal citations omitted).

In short, Plaintiff has not created a genuine issue of material fact with regard to exposure.  Plaintiff's disclosure and discovery obligations cannot be rewritten to oppose summary judgment under Rule 37, nor can Owens-Illinois's substantive rights be abrogated or modified.  Fed. R. Civ. P. 37; *Muldrow*, 34 Fed. App'x at 855 *Ferguson*, 2012 WL 5839023, at *6-7; *see also Morgan*, 2011 WL 7573811, at *1; *Maddux*, 2012 WL 3536319, at

*1; *Anderson*, 2012 WL 2877405, at *1.  Even giving Plaintiff every benefit of the doubt, in order to find that Mr. Ahnert was exposed to asbestos from Owens-Illinois Kaylo, a jury would have to pile unsupported inference upon unsupported inference.  *Singer*, 2012 WI App 27, at ¶ 21.  For these reasons, Owens-Illinois is entitled to judgment as a matter of law on Plaintiff's negligence and product liability claims.

## II.   SUMMARY JUDGMENT IS WARRANTED ON PLAINTIFF'S CIVIL CONSPIRACY CLAIM.

Owens-Illinois also moved for summary judgment on Plaintiff's civil conspiracy claim because there is no evidence to support any legal element of the claim. (*See* Def.'s Mot. § IV.C.) Plaintiff's response fails to contest Owens-Illinois's argument on civil conspiracy.  Her failure to address Owens-Illinois's arguments is fatal and tantamount to a concession that she lacks any evidence to support a claim of civil conspiracy.  As provided in the local rules on motions for summary judgment, the Court must independently determine that the moving party is entitled to judgment as a matter of law.  *See* E.D. Pa. Loc. R. Civ. P. 7.1(c).  Based on the uncontested evidence and legal precedent presented by Owens-Illinois, Owens-Illinois is entitled to judgment as a matter of law on Plaintiff's civil conspiracy claim.

## III.   SUMMARY JUDGMENT IS WARRANTED ON PLAINTIFF'S PUNITIVE DAMAGES CLAIM.

Furthermore, Owens-Illinois moved for summary judgment on Plaintiff's punitive damages claim because there is no evidence of malicious or intentional disregard against Owens-Illinois. (*See* Def.'s Mot. § IV.D.) Plaintiff's response does not mention Owens-Illinois's argument on punitive damages, and as a result, fails to put forward any evidence to support her claim.  Based on the uncontested evidence presented by Owens-Illinois, Owens-Illinois is entitled to judgment as a matter of law and there is no viable punitive damages claim to be severed and retained by the MDL-875 Court.

IV.    **SUMMARY JUDGMENT IS WARRANTED ON LACK OF ANY SPECIFIC CAUSATION OPINION AGAINST OWENS-ILLINOIS.**

Finally, Owens-Illinois moved for summary judgment on Plaintiff's lack of any admissible expert opinion on specific causation under Wisconsin law and the strictures of *Daubert* and Federal Rule of Evidence 702.   Plaintiff's response fails to contest Owens-Illinois's argument on specific causation.   In fact, Plaintiff's attempt to create a new factual record, where her experts have never reviewed considered the evidence, proves the opinions are not based on any facts about Mr. Ahnert's exposure to asbestos from an Owens-Illinois product.   From the uncontested evidence and legal precedent presented by Owens-Illinois, Owens-Illinois is therefore entitled to judgment as a matter of law on Plaintiff's lack of any specific causation opinion against Owens-Illinois.

## <u>CONCLUSION</u>

For these reasons and those set forth in its motion, Owens-Illinois respectfully requests that the Court enter an order granting summary judgment in its favor and against Plaintiff, granting it fees and costs, and awarding such further relief as this Court deems just and proper.

Dated:  December 17, 2012                 Respectfully submitted,


                                          By: /s/ Brian O. Watson
                                               Robert H. Riley
                                               Edward Casmere
                                               Brian O. Watson
                                               Schiff Hardin LLP
                                               233 S. Wacker Dr. Suite 6600
                                               Chicago, Illinois  60606
                                               (312) 258-5500
                                               (312) 258-5600 (facsimile)

                                               *Attorneys for Defendant*
                                               *Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 17, 2012, the foregoing was filed with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-1182
CH2\12209660.1