UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
June 4, 2013
ECO-041

Nos. 13-1999, 13-2000, 13-2001, 13-2002, 13-2231, 13-2232 & 13-2233

In Re: Asbestos Products Liability Litigation (No. VI)

Cliff Sharp, Appellant in 13-1999
Cathryn Holme, etc., Appellant in 13-2000
Maryann Pietrzycki and Stanley J. Pietrzycki, Appellants in 13-2001
Beverly Ahnert, Appellant in 13-2002
Louise M. Doyle, etc., Appellant in 13-2231
William Junk, Sr. and Willip P. Junk, Sr., etc, Appellant in 13-2232
William P. Junk, Sr., Appellant in 13-2233

(E.D. Pa. Nos. 08-cv-90465, 08-cv-91090, 10-cv-61349, 10-cv-67443)
(08-cv-89845, 09-cv-60550, 10-cv-67841)

MDL No. (2-01-md-00875)

Present: SMITH, FISHER and VANASKIE, Circuit Judges

1. Clerk's submission for possible dismissal due to jurisdictional defect

2. Motion by Appellee Owens-Illinois to dismiss

3. Reply in support of motion to dismiss filed by Appellee Owens-Illinois

4. Appellants' response to Clerk's Order regarding jurisdiction

5. Response by Appellee CBS to Clerk's Order regarding jurisdiction

6. Response by Appellee Owens-Illinois to Clerk's Order regarding jurisdiction.

Respectfully,
Clerk/tyw

_____ORDER_____
The foregoing motion to dismiss is granted and the appeals are dismissed for lack of jurisdiction. The underlying motions to perpetuate testimony were filed in ongoing district court proceedings. In contrast to orders addressing motions to perpetuate testimony pursuant to Fed. R. Civ. P. 27, see Ash v. Cort, 512 F.2d 909, 911-12 (3d Cir. 1975), such orders are not immediately appealable. Rather, they are reviewable upon entry of a final judgment under 28 U.S.C. § 1291. See, e.g., Manley v. Ambase, 337 F.3d 237, 244 (2d Cir. 2003); Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1362 (11th Cir. 2002); Charles v. Wade, 665 F.2d 661, 664 (5th Cir. 1982). To

the extent Appellants request that the appeals be construed as petitions for a writ of mandamus, the request is denied. Appellants have failed to demonstrate that their right to relief is clear and indisputable. See Borden Co. v. Sylk, 410 F.2d 843, 845 (3d Cir. 1969) ("It is a well-established principle that the scope and conduct of discovery are within the sound discretion of the trial court."); Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1362 (11th Cir. 2002) (finding no abuse of discretion in district court's denial of a request for a trial deposition after the close of discovery).

By the Court,

/s/ D. Brooks Smith
Circuit Judge

Dated: June 26, 2013
tyw/cc: All Counsel of Record

A True Copy:

Marcia M. Waldron

Marcia M. Waldron, Clerk
Certified order issued in lieu of mandate.