IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY AHNERT, | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| Plaintiff, | : | |
| | : | |
| | : | Transferred from the |
| v. | : | Eastern District |
| | | of Wisconsin |
| | FILED | (10-00156) |
| CBS CORPORATION, | AUG - 4 2014 | |
| ET AL., | : | |
| | MICHAEL E. KUNZ, Clerk | E.D. PA CIVIL ACTION NO. |
| Defendants. | By_____ Dep. Clerk | 2:10-CV-67443-ER |

## O R D E R

**AND NOW**, this **4th** day of **August, 2014**, it is hereby

**ORDERED** that the Motion for Summary Judgment of Defendant

Sprinkmann Sons, Inc. (Doc. No. 388) is **GRANTED in part; DENIED**

**in part.**[1]

---

[1] This case was transferred in May of 2010 from the United States District Court for the Eastern District of Wisconsin to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

Daniel Ahnert ("Decedent" or "Mr. Ahnert") worked as a steamfitter and pipefitter at various locations in Wisconsin and Illinois beginning in 1955 and continuing through 1992. Defendant Sprinkmann Sons Corporation ("Sprinkmann") installed and performed maintenance and repair work on insulation. Plaintiff has alleged that Decedent was exposed to asbestos from insulation supplied and maintained by Sprinkmann employees.

Mr. Ahnert was diagnosed with asbestosis and mesothelioma. He died in July of 2011. He was never deposed in connection with this action.

Plaintiff has brought claims against various defendants. Defendant Sprinkmann has moved for summary judgment, arguing that (1) there is insufficient evidence to establish causation with respect to any asbestos exposure for which it can be liable, and (2) Plaintiff's claims are barred by the statute of repose. It also asserts that (3) Plaintiff's punitive damages

claims fail because of insufficient evidence. The parties agree that Wisconsin law applies.

**I. Legal Standard**

   A. <u>Summary Judgment Standard</u>

   Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." <u>Am. Eagle Outfitters v. Lyle & Scott Ltd.</u>, 584 F.3d 575, 581 (3d Cir. 2009) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248.

   In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." <u>Pignataro v. Port Auth. of N.Y. & N.J.</u>, 593 F.3d 265, 268 (3d Cir. 2010) (citing <u>Reliance Ins. Co. v. Moessner</u>, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 250.

   B. <u>The Applicable Law</u>

   The parties have agreed that Wisconsin substantive law applies. Therefore, this Court will apply Wisconsin substantive law in deciding Defendant's Motion for Summary Judgment. <u>See</u> <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938); <u>see also</u> <u>Guaranty Trust Co. v. York</u>, 326 U.S. 99, 108 (1945).

   C. <u>Product Identification/Causation Under Wisconsin Law</u>

   Wisconsin applies the "substantial factor" test in deciding whether a defendant's negligence was a cause of a plaintiff's harm. The issue of causation is one for the jury. In

2

order for defendant's negligence to be a cause of plaintiff's injury, such that defendant could be held liable for the injury, his negligence must have been "a substantial factor in producing the injury." Horak v. Building Servs. Indus. Sales Co., 309 Wis.2d 188, 750 N.W.2d 512, 517 (Wis. Ct. App. 2008) (quoting Jones v. Dane County, 195 Wis.2d 892, 537 N.W.2d 74, 84 (Wis. Ct. App. 1995)). In Wisconsin, "[t]he cause of an accident is not determined by its most immediate factor;" rather, "there may be several substantial factors contributing to the same result." Sampson v. Laskin, 66 Wis.2d 318, 224 N.W.2d 594, 597-98 (Wis. 1975).

"A mere possibility" of causation is not sufficient, and "when the matter remains one of pure speculation or conjecture or the probabilities are at best evenly balanced," then summary judgment must be granted for defendant. Zielinski v. A.P. Green Indus., Inc., 263 Wis.2d 294, 661 N.W.2d 491, 497 (Wis. Ct. App. 2003) (quoting Merco Distrib. Corp. v. Commercial Police Alarm Co., 84 Wis.2d 455, 267 N.W.2d 652, 655 (Wis. 1978)). When there is "no credible evidence upon which the trier of fact can base a reasoned choice between ... two possible inferences, any finding of causation" would be impermissibly based on speculation and conjecture. Merco, 267 N.W.2d at 655.

It follows that, as for product identification in the asbestos context, a defendant must be granted summary judgment when plaintiff's exposure to defendant's asbestos-containing products was a "mere possibility." Zielinski, 661 N.W.2d at 497. However, summary judgment must be denied when plaintiffs have presented "credible evidence from which a reasonable person could infer that [plaintiff] was exposed to [defendant's] products." Id.

Wisconsin courts have denied summary judgment when the record has established the following: plaintiff did the "type of work" that used asbestos; plaintiff's employer bought or "probably bought" asbestos from defendant; and a reasonable jury could infer that plaintiff therefore used asbestos in his work. See Horak v. Building Servs. Indus. Sales Co., 309 Wis.2d 188, 750 N.W.2d 512, 516 (Wis. Ct. App. 2006) (citing Zielinski, 661 N.W.2d at 497-98); see also Lee v. John Crane, Inc., 2003 WL 23218095 at *2 (W.D. Wis. 2003) (citing Lockwood v. AC & S, Inc., 44 Wash. App. 330, 722 P.2d 826 (Wash. Ct. App. 1986) (requiring plaintiff to prove only that asbestos-containing product of defendant's was used at job site simultaneously with his employment)).

3

In Zielinski, the Court of Appeals of Wisconsin reversed the lower court's grant of summary judgment for defendant. 661 N.W.2d at 493-94. The court found that issues of material fact existed with respect to the following issues: 1) whether defendant sold or supplied asbestos-containing products to decedent's employer; and 2) whether decedent was exposed to asbestos-containing products supplied by defendant while he worked for employer. Id. Regarding the first issue, plaintiff presented the testimony of one of decedent's co-workers, as well as the testimony of an expert, an engineer. Both witnesses referred to approved vendor lists that had come from the employer, which indicated that defendant's asbestos-containing product was purchased by the employer. Id. at 494-496. Regarding the second issue, the court considered the "totality of the circumstances surrounding the work of masons at [the employer] and the products they generally used." Id. at 497. Decedent was a mason, and the testimony of his co-worker (also a mason) that both men performed refractory work on furnaces was enough to raise an issue of fact as to whether decedent was exposed to defendant's asbestos-containing product and whether it was a substantial factor in causing his injury. Id. at 497-498.

In Horak, the Court of Appeals of Wisconsin reversed the lower court's grant of summary judgment for defendant, when there was evidence in the form of sales records that defendant had supplied asbestos material to plaintiff's employer. 750 N.W.2d at 513. Although defendant was not the employer's "main supplier" of asbestos materials, the sales records indicated that defendant supplied thousands of pounds of asbestos insulation materials to the employer during the time when plaintiff was employed there. Id. at 514. Moreover, even though plaintiff did not testify in this case, his co-worker testified that the employer had only three or four employees, and that plaintiff's job duties included installing asbestos installation, which released dust into the air. Id. That the employer purchased asbestos from defendant created a reasonable inference that the employer used defendant's asbestos. Also, the small size of the company created a reasonable inference that plaintiff used at least some of defendant's asbestos. Id. at 516-17. Therefore, summary judgment was denied and the question of whether defendant's asbestos was a cause of plaintiff's cancer became one for the jury. Id. at 517.

In sum, Wisconsin courts have found that when plaintiffs have presented "credible evidence from which a

4

reasonable person could infer that [plaintiff] was exposed to" defendant's asbestos-containing products, then summary judgment must be denied, and the question of causation given to a jury.

D.  Wisconsin Statute of Repose

The Wisconsin statute of repose invoked by Defendant provides that:

> (1) In this section, "exposure period" means the 10 years immediately following the date of substantial completion of the improvement to real property.
>
> (2) Except as provided in sub. (3), no cause of action may accrue and no action may be commenced, including an action for contribution or indemnity, against the owner or occupier of the property or against any person involved in the improvement to real property after the end of the exposure period, to recover damages for any injury to property, for any injury to the person, or for wrongful death, arising out of any deficiency or defect in the design, land surveying, planning, supervision or observation of construction of, the construction of, or the furnishing of materials for, the improvement to real property. This subsection does not affect the rights of any person injured as the result of any defect in any material used in an improvement to real property to commence an action for damages against the manufacturer or producer of the material.

Wis. Stat. § 893.89.

In April of 2012, this Court remanded to the transferor court a case in which it was necessary to address this statute in the context of a motion for summary judgment. Anderson v. A.W. Chesterton, Inc., No. 11-63482, 2012 WL 2877452 (E.D. Pa. Apr. 5, 2012)(Robreno, J.). In doing so, it explained that neither the Supreme Court of Wisconsin nor any appellate court in Wisconsin has addressed the statute of repose in the context of an asbestos case (where the disease at issue is atypical insofar as it involves a latency period), and that the transferor court (sitting in Wisconsin, and closer to Wisconsin law and policy) would be better situated than the MDL Court to address the issue. Id.

5

Since that time, only one appellate court in Wisconsin has addressed the statute of repose in the context of an asbestos case. Calewarts v. CR Meyer and Sons Co., 344 Wis.2d 124 (Wis. Ct. App. July 2013). However, in Calewarts, the court addressed only the limited issue of whether external asbestos insulation on steam piping constituted a "structural defect" within the meaning of the statute (concluding that it did not). This argument was raised by the owner of the facility in which the steam piping was located, and in which the alleged asbestos exposure occurred.

The Court notes that the issue was addressed (twice) by the federal transferor district court to which Anderson was remanded. In Anderson v. Proctor & Gamble Paper Products Co., 924 F. Supp. 2d 996, 1005 (E.D. Wis. Feb. 15, 2013) (Griesbach, J.) ("Anderson II"), the district court denied a defendant's motion for summary judgment, finding that the alleged "injury" was sustained prior to April 29, 1994, and that Plaintiff's claims were thus subject to an exception to the statute of repose (rendering the statute inapplicable to the plaintiff's claims). In Anderson v. Proctor & Gamble Paper Products Co., 2013 WL 5506875 (E.D. Wis. Oct. 4, 2013)(Griesbach, J.) ("Anderson III"), in the context of a motion in limine by the same defendant, which the district court summarized as "essentially ask[ing] for reconsideration of the court's February summary judgment ruling," 2013 WL 5506875, at *1, the district court amended its previous interpretation of the statute of repose (and the relevant exception thereto), concluding that its previous construction of the statute was incorrect and that the plaintiff's "damages," (as distinct from his injury) were not sustained until 2009 (the time at which plaintiff was first diagnosed with his asbestos-related illness (lung cancer), as opposed to the date of alleged asbestos exposure). Id. The district court granted Defendant's motion in limine, holding that the statute of repose was applicable, but that it barred only certain claims (those arising from exposure occurred during work on "improvements" or "new construction"). Id. In Anderson, the defendant at issue was a premises owner.

E.  Punitive Damages

The Court has previously determined that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action and, therefore, all claims for punitive or exemplary damages are to be severed from the case and retained by the Court within its jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See, e.g., Ferguson v. Lorillard Tobacco Co., Inc., No. 09-91161, 2011 WL 4915784, at n.2 (E.D.

6

Pa. Mar. 2, 2011)(Robreno, J.)(citing In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); In re Roberts, 178 F.3d 181 (3d Cir. 1999)).

## II. Defendant Sprinkmann's Motion for Summary Judgment

### A. Defendant's Arguments

Causation

Sprinkmann argues that there is insufficient evidence to support a finding of causation with respect to any asbestos exposure for which it can be liable.

Statute of Repose

Sprinkmann argues that Wisconsin's statute of repose, Wis. Stat. § 893.89, precludes claims for injury brought more than ten (10) years after the date of substantial completion of an improvement to property. In support of this assertion, it cites to Kohn v. Darlington Comm. Sch., 283 Wis.2d 1, ¶¶ 13-15 (Wis. 2005) and Kallas v. Square D Co., 66 Wis.2d 382, 386 (Wis. 1975). Defendant contends that the work performed by Decedent at its facility (which it contends was during the construction of that facility) was an "improvement" and that the claims are untimely.

Punitive Damages

Defendant contends that it is entitled to summary judgment on Plaintiffs' claim for punitive damages because Plaintiff has no evidence that Defendant acted with intentional disregard for Decedent's rights.

### B. Plaintiff's Arguments

Statute of Repose

Plaintiff contends that her claims are not barred by the statute of repose because (1) Decedent had asbestos exposure on Defendant's premises that was not related to an "improvement" to real property, (2) external asbestos insulation is not a structural defect, and (3) the exception to the statute applies

7

(rendering the statute inapplicable) because Decedent had damages that were sustained before April 29, 1994. Plaintiff contends that this finding is supported by (a) statutory interpretation, (b) medical evidence, and (c) public policy. Plaintiff also contends that (4) she can recover for Decedent's development of mesothelioma after April 29, 1994.

Punitive Damages

Plaintiff has not specifically responded to Defendant's argument regarding medical causation.

Causation

In response to Defendant's assertion that there is insufficient evidence to establish causation with respect to any asbestos exposure for which it can be liable, Plaintiff points to, inter alia, the following evidence:

- Deposition of Co-Worker John Burns
  Mr. Burns provides testimony that he worked with Decedent installing piping and boilers at about six Milwaukee public schools during the period 1958 to 1966. He provides testimony that Sprinkmann was the insulation contractor on the majority of Milwaukee Public Schools jobs in the 1960s.

  (Pl. Ex. 5, Doc. No. 395-5.)

- Deposition of Co-Worker John Shorougian
  Plaintiff provides testimony that Sprinkmann supplied and installed the original asbestos-containing insulation for the boiler Unit 5 at Oak Creek Power Plant in the 1950s. He also states that Sprinkmann maintained a work office onsite at the plant. He provides testimony that, during his work with Decedent (for 6 months in the 1980s), Decedent and Sprinkmann employees disturbed this asbestos, releasing dust to which Decedent was exposed all day every day.

  (Pl. Ex. 6 at 11, 17, 62, Doc. No. 395-6.)

- Various Documents Regarding Oak Creek
  Plaintiff provides evidence that insulation disturbed during the tear-out of the boiler Unit 5

8

at Oak Creek Power Plant in the 1980s while
Decedent was working nearby contained asbestos.

(Pl. Exs. 7 and 8, Doc. No. 395-7 and 395-8.)

- Contract Regarding Oak Creek
  Plaintiff provides evidence that Sprinkmann
  supplied and installed the original asbestos-
  containing insulation for the boiler Unit 5 at Oak
  Creek Power Plant in the 1950s.

  (Pl. Ex. 10, Doc. No. 393-10.)

**C. Analysis**

Causation

Plaintiff alleges that Decedent was exposed to asbestos from, inter alia, external pipe insulation supplied and maintained by Sprinkmann, including work disturbing the insulation. The Court examines the evidence pertaining to each alleged source of exposure separately:

(i) Oak Creek Facility

There is evidence that Decedent was repeatedly exposed to respirable dust from asbestos-containing insulation disturbed by Sprinkmann employees at the Oak Creek facility. Although there is no evidence that this insulation was the original insulation supplied by Sprinkmann, a reasonable jury could conclude from the evidence that Decedent was exposed to respirable asbestos from insulation disturbed by Sprinkmann employees during maintenance work such that it was a "substantial factor" in the development of his illness. Zielinski, 661 N.W.2d at 493-94; Horak, 750 N.W.2d at 513. As such, with respect to asbestos exposure alleged to have occurred at Oak Creek, summary judgment in favor of Defendant is not warranted. Id.; Anderson, 477 U.S. at 248.

(ii) Milwaukee Public Schools

There is evidence that Decedent was exposed to respirable dust while installing piping and boilers at about six Milwaukee public schools during the period 1958 to 1966. There is evidence that Sprinkmann was the insulation contractor on the majority of Milwaukee Public Schools jobs in the 1960s. However, there is no evidence that the insulation to which Decedent was exposed contained asbestos, that it was insulation supplied by

9

Sprinkmann, or that Sprinkmann supplied any insulation to any of those six specific schools. Therefore, no reasonable jury could conclude from the evidence that Decedent was exposed to respirable asbestos from insulation supplied or disturbed by Sprinkmann employees such that it was a "substantial factor" in the development of his illness. Zielinski, 661 N.W.2d at 493-94; Horak, 750 N.W.2d at 513. As such, with respect to asbestos exposure alleged to have occurred at Milwaukee Public Schools, summary judgment in favor of Defendant is warranted. Id.; Anderson, 477 U.S. at 248.

Statute of Repose

Defendant contends that Plaintiff's claims are barred by Wisconsin's ten-year construction statute of repose because the work performed by Decedent at its facility constitutes "improvements to real property" within the meaning of the statute. The only appellate court in Wisconsin to address the statute of repose in the context of an asbestos case, did not address this issue and instead addressed only the limited issue of whether external asbestos insulation on steam piping constituted a "structural defect" within the meaning of the statute. Calewarts v. CR Meyer and Sons Co., 344 Wis.2d 124 (Wis. Ct. App. July 2013). (The federal district court decisions in Anderson II and Anderson III did not squarely address whether external insulation on piping constitutes an "improvement to real property" nor what potential entities are entitled to any benefit of the statute of repose (e.g., the pipe supplier, the insulation supplier, the pipe installer, the insulation installer, the pipe remover, the insulation remover, or some or all of the above). Therefore, as it did in April of 2012 in Anderson, the Court deems it appropriate to remand the issue to be addressed by the transferor court. See Faddish, No. 09-70626, 2010 WL 4159238.

Punitive Damages

The Court has previously determined that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action and, therefore, all claims for punitive or exemplary damages are to be severed from the case and retained by the Court within its jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See, e.g., Ferguson v. Lorillard Tobacco Co., Inc., No. 09-91161, 2011 WL 4915784, at n.2 (E.D. Pa. Mar. 2, 2011)(Robreno, J.) (citing In re Collins, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give

10

E.D. Pa. No. 2:10-67443-ER   **AND IT IS SO ORDERED.**

_/s/ Eduardo C. Robreno_
EDUARDO C. ROBRENO, J.

---

priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); In re Roberts, 178 F.3d 181 (3d Cir. 1999)). Therefore, Defendant's motion regarding punitive damages is denied without prejudice.

### D. Conclusion

Summary judgment in favor of Defendant is granted with respect to alleged exposure at Milwaukee Public Schools because Plaintiff has failed to identify sufficient evidence to support a finding of causation with respect to any asbestos exposure there.

Summary judgment in favor of Defendant is denied with respect to alleged exposure at Oak Creek because (1) Plaintiff has identified sufficient evidence to support a finding of causation with respect to asbestos exposure from pipe insulation supplied by Defendant (and, at one location, disturbed by Defendant's employees), (2) application of the Wisconsin construction statute of repose is also more properly handled by the transferor court, and (3) the issue of punitive damages has been severed by the MDL Court and will be resolved at a future date.