IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BEVERLY AHNERT, : CONSOLIDATED UNDER
: MDL 875
    Plaintiff, :
:
: Transferred from the
v. FILED Eastern District
: of Wisconsin
AUG - 4 2014 (10-00156)
CBS CORPORATION, :
ET AL., MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk E.D. PA CIVIL ACTION NO.
    Defendants. : 2:10-CV-67443-ER

O R D E R

**AND NOW**, this **4th** day of **August, 2014**, it is hereby

**ORDERED** that the Motion for Summary Judgment of Defendant Pabst

Brewing Company (Doc. No. 383) is **DENIED**.[1]

---

[1] This case was transferred in May of 2010 from the United States District Court for the Eastern District of Wisconsin to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

    Daniel Ahnert ("Decedent" or "Mr. Ahnert") worked as a steamfitter and pipefitter at various locations in Wisconsin and Illinois beginning in 1955 and continuing through 1992. Defendant worked at Defendant Pabst Brewing Company's ("Pabst") Milwaukee facility. Plaintiff has alleged that Decedent was exposed to asbestos from insulation at the Pabst facility.

    Mr. Ahnert was diagnosed with asbestosis and mesothelioma. He died in July of 2011. He was never deposed in connection with this action.

    Plaintiff has brought claims against various defendants. Defendant Pabst has moved for summary judgment, arguing that it is entitled to summary judgment because (1) there is insufficient evidence to establish causation with respect to any asbestos exposure for which it can be liable, (2) the Safe Places Statute does not apply, and (3) Plaintiff's claims are barred by the statute of repose. It also asserts that (4) Plaintiff's punitive damages claims fail because of insufficient evidence. The parties agree that Wisconsin law applies.

# I. Legal Standard

## A. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

## B. The Applicable Law

The parties have agreed that Wisconsin substantive law applies. Therefore, this Court will apply Wisconsin substantive law in deciding Defendant's Motion for Summary Judgment. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); see also Guaranty Trust Co. v. York, 326 U.S. 99, 108 (1945).

## C. Product Identification/Causation Under Wisconsin Law

Wisconsin applies the "substantial factor" test in deciding whether a defendant's negligence was a cause of a plaintiff's harm. The issue of causation is one for the jury. In order for defendant's negligence to be a cause of plaintiff's

injury, such that defendant could be held liable for the injury, his negligence must have been "a substantial factor in producing the injury." Horak v. Building Servs. Indus. Sales Co., 309 Wis.2d 188, 750 N.W.2d 512, 517 (Wis. Ct. App. 2008) (quoting Jones v. Dane County, 195 Wis.2d 892, 537 N.W.2d 74, 84 (Wis. Ct. App. 1995)). In Wisconsin, "[t]he cause of an accident is not determined by its most immediate factor;" rather, "there may be several substantial factors contributing to the same result." Sampson v. Laskin, 66 Wis.2d 318, 224 N.W.2d 594, 597-98 (Wis. 1975).

"A mere possibility" of causation is not sufficient, and "when the matter remains one of pure speculation or conjecture or the probabilities are at best evenly balanced," then summary judgment must be granted for defendant. Zielinski v. A.P. Green Indus., Inc., 263 Wis.2d 294, 661 N.W.2d 491, 497 (Wis. Ct. App. 2003) (quoting Merco Distrib. Corp. v. Commercial Police Alarm Co., 84 Wis.2d 455, 267 N.W.2d 652, 655 (Wis. 1978)). When there is "no credible evidence upon which the trier of fact can base a reasoned choice between ... two possible inferences, any finding of causation" would be impermissibly based on speculation and conjecture. Merco, 267 N.W.2d at 655.

It follows that, as for product identification in the asbestos context, a defendant must be granted summary judgment when plaintiff's exposure to defendant's asbestos-containing products was a "mere possibility." Zielinski, 661 N.W.2d at 497. However, summary judgment must be denied when plaintiffs have presented "credible evidence from which a reasonable person could infer that [plaintiff] was exposed to [defendant's] products." Id.

Wisconsin courts have denied summary judgment when the record has established the following: plaintiff did the "type of work" that used asbestos; plaintiff's employer bought or "probably bought" asbestos from defendant; and a reasonable jury could infer that plaintiff therefore used asbestos in his work. See Horak v. Building Servs. Indus. Sales Co., 309 Wis.2d 188, 750 N.W.2d 512, 516 (Wis. Ct. App. 2006) (citing Zielinski, 661 N.W.2d at 497-98); see also Lee v. John Crane, Inc., 2003 WL 23218095 at *2 (W.D. Wis. 2003) (citing Lockwood v. AC & S, Inc., 44 Wash. App. 330, 722 P.2d 826 (Wash. Ct. App. 1986) (requiring plaintiff to prove only that asbestos-containing product of defendant's was used at job site simultaneously with his employment)).

3

In *Zielinski*, the Court of Appeals of Wisconsin reversed the lower court's grant of summary judgment for defendant. 661 N.W.2d at 493-94. The court found that issues of material fact existed with respect to the following issues: 1) whether defendant sold or supplied asbestos-containing products to decedent's employer; and 2) whether decedent was exposed to asbestos-containing products supplied by defendant while he worked for employer. *Id.* Regarding the first issue, plaintiff presented the testimony of one of decedent's co-workers, as well as the testimony of an expert, an engineer. Both witnesses referred to approved vendor lists that had come from the employer, which indicated that defendant's asbestos-containing product was purchased by the employer. *Id.* at 494-496. Regarding the second issue, the court considered the "totality of the circumstances surrounding the work of masons at [the employer] and the products they generally used." *Id.* at 497. Decedent was a mason, and the testimony of his co-worker (also a mason) that both men performed refractory work on furnaces was enough to raise an issue of fact as to whether decedent was exposed to defendant's asbestos-containing product and whether it was a substantial factor in causing his injury. *Id.* at 497-498.

In *Horak*, the Court of Appeals of Wisconsin reversed the lower court's grant of summary judgment for defendant, when there was evidence in the form of sales records that defendant had supplied asbestos material to plaintiff's employer. 750 N.W.2d at 513. Although defendant was not the employer's "main supplier" of asbestos materials, the sales records indicated that defendant supplied thousands of pounds of asbestos insulation materials to the employer during the time when plaintiff was employed there. *Id.* at 514. Moreover, even though plaintiff did not testify in this case, his co-worker testified that the employer had only-three or four employees, and that plaintiff's job duties included installing asbestos installation, which released dust into the air. *Id.* That the employer purchased asbestos from defendant created a reasonable inference that the employer used defendant's asbestos. Also, the small size of the company created a reasonable inference that plaintiff used at least some of defendant's asbestos. *Id.* at 516-17. Therefore, summary judgment was denied and the question of whether defendant's asbestos was a cause of plaintiff's cancer became one for the jury. *Id.* at 517.

In sum, Wisconsin courts have found that when plaintiffs have presented "credible evidence from which a

reasonable person could infer that [plaintiff] was exposed to" defendant's asbestos-containing products, then summary judgment must be denied, and the question of causation given to a jury.

D. Duty of a Premises Owner re: Employee of an Independent Contractor (Under Wisconsin Law)

The Supreme Court of Wisconsin has held that a "principal employer" (sometimes also referred to as a "general contractor" or "owner") "is generally not liable in tort for injuries sustained by an independent contractor's employee while he or she is performing the contracted work." Tatera v. FMC Corp., 328 Wis.2d 320, 327 n.4, 336 (Wis. 2010)(citing Wagner v. Continental Casualty Co., 143 Wis.2d 379, 400-01 (Wis. 1988)). It has recognized two exceptions to this rule: (1) when the principal employer commits an affirmative act of negligence, and (2) when the worked contracted out by the principal employer is extra-hazardous. Id. at 338-39 (citing Barth v. Downey Co., 71 Wis.2d 775, 783, (Wis. 1976) and Wagner, 143 Wis.2d at 388, 401).

With respect to the first exception, the Supreme Court of Wisconsin has ruled that failure to warn of (or investigate) asbestos hazards is, at most, passive misconduct, and not an affirmative act of negligence. Tatera, 328 Wis.2d at 346.

With respect to the second exception, the Supreme Court of Wisconsin has ruled that "as a matter of law," working with asbestos products is not an extra-hazardous activity (despite the fact that it is inherently hazardous) because protective measures can be taken to avoid inhalation of asbestos dust. Id. at 351.

E. Wisconsin Statute of Repose

The Wisconsin statute of repose invoked by Defendant provides that:

(1) In this section, "exposure period" means the 10 years immediately following the date of substantial completion of the improvement to real property.

(2) Except as provided in sub. (3), no cause of action may accrue and no action may be commenced, including an action for contribution or indemnity, against the owner or occupier of the property or against any person involved in the improvement to real property after the end of the exposure period, to

5

> recover damages for any injury to property, for any
> injury to the person, or for wrongful death, arising
> out of any deficiency or defect in the design, land
> surveying, planning, supervision or observation of
> construction of, the construction of, or the furnishing
> of materials for, the improvement to real property.
> This subsection does not affect the rights of any
> person injured as the result of any defect in any
> material used in an improvement to real property to
> commence an action for damages against the manufacturer
> or producer of the material.

Wis. Stat. § 893.89.

In April of 2012, this Court remanded to the transferor court a case in which it was necessary to address this statute in the context of a motion for summary judgment. Anderson v. A.W. Chesterton, Inc., No. 11-63482, 2012 WL 2877452 (E.D. Pa. Apr. 5, 2012)(Robreno, J.). In doing so, it explained that neither the Supreme Court of Wisconsin nor any appellate court in Wisconsin has addressed the statute of repose in the context of an asbestos case (where the disease at issue is atypical insofar as it involves a latency period), and that the transferor court (sitting in Wisconsin, and closer to Wisconsin law and policy) would be better situated than the MDL Court to address the issue. Id.

Since that time, only one appellate court in Wisconsin has addressed the statute of repose in the context of an asbestos case. Calewarts v. CR Meyer and Sons Co., 344 Wis.2d 124 (Wis. Ct. App. July 2013). However, in Calewarts, the court addressed only the limited issue of whether external asbestos insulation on steam piping constituted a "structural defect" within the meaning of the statute (concluding that it did not). This argument was raised by the owner of the facility in which the steam piping was located, and in which the alleged asbestos exposure occurred.

The Court notes that the issue was addressed (twice) by the federal transferor district court to which Anderson was remanded. In Anderson v. Proctor & Gamble Paper Products Co., 924 F. Supp. 2d 996, 1005 (E.D. Wis. Feb. 15, 2013) (Griesbach, J.) ("Anderson II"), the district court denied a defendant's motion for summary judgment, finding that the alleged "injury" was sustained prior to April 29, 1994, and that Plaintiff's claims were thus subject to an exception to the statute of repose (rendering the statute inapplicable to the plaintiff's claims).

In Anderson v. Proctor & Gamble Paper Products Co., 2013 WL 5506875 (E.D. Wis. Oct. 4, 2013)(Griesbach, J.) ("Anderson III"), in the context of a motion in limine by the same defendant, which the district court summarized as "essentially ask[ing] for reconsideration of the court's February summary judgment ruling," 2013 WL 5506875, at *1, the district court amended its previous interpretation of the statute of repose (and the relevant exception thereto), concluding that its previous construction of the statute was incorrect and that the plaintiff's "damages," (as distinct from his injury) were not sustained until 2009 (the time at which plaintiff was first diagnosed with his asbestos-related illness (lung cancer), as opposed to the date of alleged asbestos exposure). Id. The district court granted Defendant's motion in limine, holding that the statute of repose was applicable, but that it barred only certain claims (those arising from exposure occurred during work on "improvements" or "new construction"). Id. In Anderson, the defendant at issue was a premises owner.

F. Punitive Damages

The Court has previously determined that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action and, therefore, all claims for punitive or exemplary damages are to be severed from the case and retained by the Court within its jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See, e.g., Ferguson v. Lorillard Tobacco Co., Inc., No. 09-91161, 2011 WL 4915784, at n.2 (E.D. Pa. Mar. 2, 2011)(Robreno, J.)(citing In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); In re Roberts, 178 F.3d 181 (3d Cir. 1999)).

II. **Defendant Pabst's Motion for Summary Judgment**

A. **Defendant's Arguments**

Causation

Pabst argues that there is insufficient evidence to support a finding of causation with respect to any asbestos exposure for which it can be liable.

Safe Places Statute /Duty of Premises Owner to Employee of Independent Contractor

Pabst argues that it cannot be liable for harm to (i.e., owes no duty to) an employee of an independent contractor who is working on its premises. In support of this assertion, it cites to <u>Tatera</u>, 328 Wis.2d at n.4. It contends that neither of the two exceptions to the Safe Places Statute (affirmative act of negligence by the employer or extrahazardous work for the plaintiff) apply to the case at hand.

Statute of Repose

Pabst argues that Wisconsin's statute of repose, Wis. Stat. § 893.89, precludes claims for injury brought more than ten (10) years after the date of substantial completion of an improvement to property. In support of this assertion, it cites to <u>Kohn v. Darlington Comm. Sch.</u>, 283 Wis.2d 1, ¶¶ 13-15 (Wis. 2005) and <u>Kallas v. Square D Co.</u>, 66 Wis.2d 382, 386 (Wis. 1975). Defendant contends that the work performed by Decedent at its facility (which it contends was during the construction of that facility) was an "improvement" and that the claims are untimely.

Expert Evidence re: Causation

Defendant also contends that it is entitled to summary judgment because Plaintiff does not have any evidence regarding medical causation. Specifically, it asserts that Plaintiff cannot prevail at trial without expert medical testimony that draws a causal connection between Decedent's alleged asbestos exposure and his injury. In support of this argument, Defendant relies upon, <u>inter alia</u>, <u>Kujawski v. Arbor View Health Care Ctr.</u>, 407 N.W.2d 249, 252-53 (Wis. 1987).

Punitive Damages

Defendant contends that it is entitled to summary judgment on Plaintiffs' claim for punitive damages because Plaintiff has no evidence that Defendant acted with intentional disregard for the plaintiff's rights.

Objections to Evidence

In its motion, Defendant objects to Plaintiff's reliance upon the declaration of co-worker Robert Wolter. Specifically, Defendant contends that Plaintiff should not be

8

permitted to rely upon his testimony because Mr. Wolter was not properly disclosed by Plaintiff for various reasons, including Defendant's contention that he was not timely disclosed during discovery.

### B. Plaintiff's Arguments

Objections to Evidence

In response to Defendant's objections, Plaintiff contends that co-worker Robert Wolter was timely disclosed on October 1, 2013 in accordance with this Court's Order dated September 17, 2013 (hereinafter referred to as the "September 17th Order"). Plaintiff also notes that counsel for Defendant had the opportunity to conduct additional discovery after the September 17th Order was issued.

Safe Places Statute /Duty of Premises Owner to Employee of Independent Contractor

Plaintiff argues that Wisconsin's Safe Place Statute, Wis. Stat. § 101.11, creates non-delegable statutory duties that give rise to legal obligations for premises owners that are distinct from those arising under common law, such that caselaw pertaining to common law negligence does not govern the duty issue raised by Defendant. Specifically, Plaintiff contends that the statute imposes upon premises owners (and others, e.g., employers) an affirmative and non-delegable duty to inspect premises to ensure they are safe. In support of this assertion, Plaintiff cites to Dykstra, 100 Wis.2d at 130 and Barry, 245 Wis.2d 560.

Statute of Repose

Plaintiff contends that her claims are not barred by the statute of repose because (1) Decedent had asbestos exposure on Defendant's premises that was not related to an "improvement" to real property, (2) external asbestos insulation is not a structural defect, and (3) the exception to the statute applies (rendering the statute inapplicable) because Decedent had damages that were sustained before April 29, 1994. Plaintiff contends that this finding is supported by (a) statutory interpretation, (b) medical evidence, and (c) public policy. Plaintiff also contends that (4) she can recover for Decedent's development of mesothelioma after April 29, 1994.

Expert Evidence re: Causation

Plaintiff has not specifically responded to Defendant's argument that it is entitled to summary judgment because Plaintiff does not have any evidence regarding medical causation that links Decedent's illness to asbestos for which Decedent can be liable.

Punitive Damages

Plaintiff has not specifically responded to Defendant's argument regarding medical causation.

Causation

In response to Defendant's assertion that there is insufficient evidence to establish causation with respect to any asbestos exposure for which it can be liable, Plaintiff points to, inter alia, the following evidence:

- Declaration of Co-Worker Robert Wolter
  Mr. Wolter provides testimony that he worked with Decedent as a pipefitter at the Pabst facility in 1955 to 1959, where they did repair work and changeovers together (including removing tanks from the brewery, redoing them, and cleaning them out). He provides testimony that Pabst employees were involved in assisting in the repair and maintenance work that the contract pipefitters did there. He states that for about 60% of the time, he and Decedent worked within 10 to 30 feet of insulators cutting insulation pieces, including Kaylo brand pipecovering.

  (Pl. Ex. 5, Doc. No. 393-7.)

- Interrogatory Responses of Defendant Pabst
  Plaintiff cites to interrogatory responses of Defendant, which concede that, during the relevant time period, its Kaylo insulation contained asbestos.

  (Pl. Ex. 25 at pp. 14-16, Doc. No. 393-13.)

### C. Analysis

Objections to Evidence

As a preliminary matter, the Court has confirmed that co-worker Mr. Wolter was timely disclosed in accordance with this Court's September 17th Order such that Defendant had the opportunity to depose him. See Doc. Nos. 378 and 379. Therefore, the testimony of Mr. Wolter will not be excluded.

Expert Evidence re: Causation

Defendant argues that Plaintiff's claims must fail because she has no admissible expert medical causation evidence linking Decedent's illness to a product for which Defendant is liable. This argument fails. To begin, the case relied upon by Defendant in making this argument (Kujawski) was a medical malpractice case (not a product liability case) and, in any event, found that no expert evidence was required of the plaintiff therein. As such, the Court finds Defendant's cited authority unpersuasive. As explained by the Court herein when setting forth the product identification/ causation standard in a product liability case under Wisconsin law, "[t]he issue of causation is one for the jury" - because "Wisconsin courts have found that when plaintiffs have presented credible evidence from which a reasonable person could infer that [plaintiff] was exposed to defendant's asbestos-containing products, then summary judgment must be denied, and the question of causation given to a jury." (See Part I.C. infra., relying on, inter alia, Horak.)

Causation

Plaintiff alleges that Decedent was exposed to asbestos from, inter alia, external Kaylo pipe insulation at the Pabst facility, which was disturbed at least by Pabst employees as well as other contract workers. There is evidence that Decedent was repeatedly exposed to respirable dust from Kaylo insulation at the Pabst facility. There is evidence that this insulation contained asbestos. A reasonable jury could conclude from the evidence that Decedent was exposed to respirable asbestos from insulation at the Pabst facility (and perhaps also disturbed by Pabst employees during maintenance work) such that it was a "substantial factor" in the development of his illness. Zielinski, 661 N.W.2d at 493-94; Horak, 750 N.W.2d at 513. As such, summary judgment in favor of Defendant is not warranted on this basis. Id.; Anderson, 477 U.S. at 248.

11

Safe Places Statute /Duty of Premises Owner to Employee of Independent Contractor

Defendant is correct that, the Supreme Court of Wisconsin has held that, as a general rule, a "principal owner" of a workplace/premises cannot be liable for harm to (i.e., owes no duty to) an employee of an independent contractor who is working on its premises. Tatera, 328 Wis.2d at 327. Defendant is also correct that neither exception to this general rule applies in the context of asbestos-related work. Id. 346, 351. However, Plaintiff is also correct that the Supreme Court of Wisconsin has held that the Safe Place Statute creates non-delegable statutory duties that give rise to legal obligations for premises owners that are distinct from those arising under common law - including the imposition upon employers/premises owners an affirmative and non-delegable duty to inspect premises to ensure they are safe. Barry, 245 Wis.2d at 569-70; Dykstra, 100 Wis.2d at 130-31; and Wisconsin Bridge & Iron Co., 8 Wis.2d at 618-19.

In light of the Supreme Court of Wisconsin's recent application of the general common law rule of negligence to a "principal employer"/premises owner in Tatera and its also fairly recent application of a heightened duty to such a "principal employer"/premises owner in Barry, it appears that Wisconsin law is unsettled as to what duty was owed by Defendant to Decedent. Accordingly, because this is an unsettled area of state law, the Court will not rule on it, but rather will remand the issue to the transferor court to decide. See Faddish v. CBS Corp., No. 09-70626, 2010 WL 4159238 (E.D. Pa. Oct. 22, 2010) (Robreno, J.).

Statute of Repose

Defendant contends that Plaintiff's claims are barred by Wisconsin's ten-year construction statute of repose because the work performed by Decedent at its facility constitutes "improvements to real property" within the meaning of the statute. The only appellate court in Wisconsin to address the statute of repose in the context of an asbestos case, did not address this issue and instead addressed only the limited issue of whether external asbestos insulation on steam piping constituted a "structural defect" within the meaning of the statute. Calewarts v. CR Meyer and Sons Co., 344 Wis.2d 124 (Wis. Ct. App. July 2013). (The federal district court decisions in Anderson II and Anderson III did not squarely address whether external insulation on turbines constitutes an "improvement to real property" nor what potential entities are entitled to any

12

E.D. Pa. No. 2:10-67443-ER         AND IT IS SO ORDERED.

                                   /s/ Eduardo C. Robreno
                                   _____
                                   EDUARDO C. ROBRENO, J.

benefit of the statute of repose (e.g., the turbine supplier, the insulation supplier, the turbine installer, the insulation installer, or some or all of the above). Therefore, as it did in April of 2012 in Anderson, the Court deems it appropriate to remand the issue to be addressed by the transferor court. See Faddish, No. 09-70626, 2010 WL 4159238.

Punitive Damages

        The Court has previously determined that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action and, therefore, all claims for punitive or exemplary damages are to be severed from the case and retained by the Court within its jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See, e.g., Ferguson v. Lorillard Tobacco Co., Inc., No. 09-91161, 2011 WL 4915784, at n.2 (E.D. Pa. Mar. 2, 2011)(Robreno, J.) (citing In re Collins, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); In re Roberts, 178 F.3d 181 (3d Cir. 1999)). Therefore, Defendant's motion regarding punitive damages is denied without prejudice.

    D.  **Conclusion**

        Summary judgment in favor of Defendant is denied because (1) Plaintiff has identified sufficient evidence to support a finding of causation with respect to asbestos exposure on Defendant's premises (and perhaps also as a result of disturbance by Defendant's employees), (2) Plaintiff is not required to provide expert medical causation evidence linking Decedent's illness to a product (or exposure) for which Defendant is liable, (3) what duty was owed by Defendant to Decedent is an unsettled issue of Wisconsin law more properly handled by the transferor court, (4) application of the Wisconsin construction statute of repose is also more properly handled by the transferor court, and (5) the issue of punitive damages has been severed by the MDL Court and will be resolved at a future date.

13