IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY AHNERT, | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| Plaintiff, | : | |
| | : | |
| | : | Transferred from the |
| v. | FILED | Eastern District |
| | AUG - 4 2014 | of Wisconsin |
| | | (10-00156) |
| CBS CORPORATION, | MICHAEL E. KUNZ, Clerk | |
| ET AL., | By_____ Dep. Clerk | |
| | : | E.D. PA CIVIL ACTION NO. |
| Defendants. | : | 2:10-CV-67443-ER |

**O R D E R**

**AND NOW**, this **4th** day of **August, 2014**, it is hereby

**ORDERED** that the Motion for Summary Judgment of Defendant

Wisconsin Electric Power Company (Doc. No. 384) is **DENIED**.[1]

---

[1] This case was transferred in May of 2010 from the United States District Court for the Eastern District of Wisconsin to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

Daniel Ahnert ("Decedent" or "Mr. Ahnert") worked as a steamfitter and pipefitter at various locations in Wisconsin and Illinois beginning in 1955 and continuing through 1992. Decedent worked at the Oak Creek facility of Defendant Wisconsin Electric Power Company ("WEPCO") in the 1980s, performing piping insulation removal work. Plaintiff has alleged that Decedent was exposed to asbestos from insulation at the facility.

Mr. Ahnert was diagnosed with asbestosis and mesothelioma. He died in July of 2011. He was never deposed in connection with this action.

Plaintiff has brought claims against various defendants. Defendant WEPCO has moved for summary judgment, arguing that it is warranted because (1) Plaintiff's claims are barred by the statute of repose, (2) the Safe Places Statute does not apply, and (3) Plaintiff's claims are barred by the sophisticated user defense. It also asserts that (4) Plaintiff's punitive damages claims fail because of insufficient evidence. The parties agree that Wisconsin law applies.

I.  Legal Standard

    A.  Summary Judgment Standard

    Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

    In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

    B.  The Applicable Law

    The parties have agreed that Wisconsin substantive law applies. Therefore, this Court will apply Wisconsin substantive law in deciding Defendant's Motion for Summary Judgment. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); see also Guaranty Trust Co. v. York, 326 U.S. 99, 108 (1945).

    C.  Wisconsin Statute of Repose

    The Wisconsin statute of repose invoked by Defendant provides that:

        (1) In this section, "exposure period" means the 10 years immediately following the date of substantial completion of the improvement to real property.

2

> (2) Except as provided in sub. (3), no cause of action may accrue and no action may be commenced, including an action for contribution or indemnity, against the owner or occupier of the property or against any person involved in the improvement to real property after the end of the exposure period, to recover damages for any injury to property, for any injury to the person, or for wrongful death, arising out of any deficiency or defect in the design, land surveying, planning, supervision or observation of construction of, the construction of, or the furnishing of materials for, the improvement to real property. This subsection does not affect the rights of any person injured as the result of any defect in any material used in an improvement to real property to commence an action for damages against the manufacturer or producer of the material.

Wis. Stat. § 893.89.

In April of 2012, this Court remanded to the transferor court a case in which it was necessary to address this statute in the context of a motion for summary judgment. Anderson v. A.W. Chesterton, Inc., No. 11-63482, 2012 WL 2877452 (E.D. Pa. Apr. 5, 2012)(Robreno, J.). In doing so, it explained that neither the Supreme Court of Wisconsin nor any appellate court in Wisconsin has addressed the statute of repose in the context of an asbestos case (where the disease at issue is atypical insofar as it involves a latency period), and that the transferor court (sitting in Wisconsin, and closer to Wisconsin law and policy) would be better situated than the MDL Court to address the issue. Id.

Since that time, only one appellate court in Wisconsin has addressed the statute of repose in the context of an asbestos case. Calewarts v. CR Meyer and Sons Co., 344 Wis.2d 124 (Wis. Ct. App. July 2013). However, in Calewarts, the court addressed only the limited issue of whether external asbestos insulation on steam piping constituted a "structural defect" within the meaning of the statute (concluding that it did not). This argument was raised by the owner of the facility in which the steam piping was located, and in which the alleged asbestos exposure occurred.

The Court notes that the issue was addressed (twice) by the federal transferor district court to which Anderson was

3

remanded. In <u>Anderson v. Proctor & Gamble Paper Products Co.</u>, 924 F. Supp. 2d 996, 1005 (E.D. Wis. Feb. 15, 2013) (Griesbach, J.) ("Anderson II"), the district court denied a defendant's motion for summary judgment, finding that the alleged "injury" was sustained prior to April 29, 1994, and that Plaintiff's claims were thus subject to an exception to the statute of repose (rendering the statute inapplicable to the plaintiff's claims). In <u>Anderson v. Proctor & Gamble Paper Products Co.</u>, 2013 WL 5506875 (E.D. Wis. Oct. 4, 2013)(Griesbach, J.) ("Anderson III"), in the context of a motion in limine by the same defendant, which the district court summarized as "essentially ask[ing] for reconsideration of the court's February summary judgment ruling," 2013 WL 5506875, at *1, the district court amended its previous interpretation of the statute of repose (and the relevant exception thereto), concluding that its previous construction of the statute was incorrect and that the plaintiff's "damages," (as distinct from his injury) were not sustained until 2009 (the time at which plaintiff was first diagnosed with his asbestos-related illness (lung cancer), as opposed to the date of alleged asbestos exposure). <u>Id.</u> The district court granted Defendant's motion in limine, holding that the statute of repose was applicable, but that it barred only certain claims (those arising from exposure occurred during work on "improvements" or "new construction"). <u>Id.</u> In <u>Anderson</u>, the defendant at issue was a premises owner.

D.  Duty of a Premises Owner re: Employee of an Independent Contractor (Under Wisconsin Law)

The Supreme Court of Wisconsin has held that a "principal employer" (sometimes also referred to as a "general contractor" or "owner") "is generally not liable in tort for injuries sustained by an independent contractor's employee while he or she is performing the contracted work." <u>Tatera v. FMC Corp.</u>, 328 Wis.2d 320, 327 n.4, 336 (Wis. 2010)(citing <u>Wagner v. Continental Casualty Co.</u>, 143 Wis.2d 379, 400-01 (Wis. 1988)). It has recognized two exceptions to this rule: (1) when the principal employer commits an <u>affirmative act of negligence</u>, and (2) when the worked contracted out by the principal employer is <u>extra-hazardous</u>. <u>Id.</u> at 338-39 (citing <u>Barth v. Downey Co.</u>, 71 Wis.2d 775, 783, (Wis. 1976) and <u>Wagner</u>, 143 Wis.2d at 388, 401).

With respect to the first exception, the Supreme Court of Wisconsin has ruled that failure to warn of (or investigate) asbestos hazards is, at most, passive misconduct, and not an affirmative act of negligence. <u>Tatera</u>, 328 Wis.2d at 346.

4

With respect to the second exception, the Supreme Court of Wisconsin has ruled that "as a matter of law," working with asbestos products is not an extra-hazardous activity (despite the fact that it is inherently hazardous) because protective measures can be taken to avoid inhalation of asbestos dust. Id. at 351.

E. Punitive Damages

The Court has previously determined that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action and, therefore, all claims for punitive or exemplary damages are to be severed from the case and retained by the Court within its jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See, e.g., Ferguson v. Lorillard Tobacco Co., Inc., No. 09-91161, 2011 WL 4915784, at n.2 (E.D. Pa. Mar. 2, 2011)(Robreno, J.)(citing In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); In re Roberts, 178 F.3d 181 (3d Cir. 1999)).

II. Defendant WEPCO's Motion for Summary Judgment

A. Defendant's Arguments

Statute of Repose

WEPCO argues that Wisconsin's statute of repose, Wis. Stat. § 893.89, precludes claims for injury brought more than ten (10) years after the date of substantial completion of an improvement to property. In support of this assertion, it cites to Kohn v. Darlington Comm. Sch., 283 Wis.2d 1, ¶¶ 13-15 (Wis. 2005) and Kallas v. Square D Co., 66 Wis.2d 382, 386 (Wis. 1975). Defendant contends that the work performed by Decedent at its facility (which it contends was during asbestos insulation removal work) was an "improvement" and that the claims are untimely.

Safe Places Statute /Duty of Premises Owner to Employee of Independent Contractor

WEPCO argues that it cannot be liable for harm to (i.e., owes no duty to) an employee of an independent contractor

5

who is working on its premises. In support of this assertion, it cites to Tatera, 328 Wis.2d at n.4. It contends that neither of the two exceptions to the Safe Places Statute (affirmative act of negligence by the employer or extrahazardous work for the plaintiff) apply to the case at hand.

Sophisticated User Defense

WEPCO argues that it is entitled to summary judgment on Plaintiff's claims because Decedent's employer (B&W) was a sophisticated user of asbestos products. In support of this assertion, it relies on § 388 of the Restatement (Second) of Torts, which it contends was adopted by the Wisconsin Supreme Court in Strasser v. Transtech Mobile Fleet Service, 2000 WI 87, ¶ 58, 236 Wis. 2d 435, 613 N.W.2d 142 (Wis. 2000) and Haase v. Badger Mining Corporation, 2003 WI App. 192, ¶ 19, 266 Wis. 2d 970, 669 N.W.2d 737 (Wis. App. 2003), aff'd 2004 WI 97, 274 Wis. 2d 143, 685 N.W.2d 329.

Punitive Damages

Defendant contends that it is entitled to summary judgment on Plaintiffs' claim for punitive damages because Plaintiff has no evidence that Defendant acted with intentional disregard for the plaintiff's rights.

**B. Plaintiff's Arguments**

Statute of Repose

Plaintiff contends that her claims are not barred by the statute of repose because (1) Decedent had asbestos exposure on Defendant's premises that was not related to an "improvement" to real property, (2) external asbestos insulation is not a structural defect, and (3) the exception to the statute applies (rendering the statute inapplicable) because Decedent had damages that were sustained before April 29, 1994. Plaintiff contends that this finding is supported by (a) statutory interpretation, (b) medical evidence, and (c) public policy. Plaintiff also contends that (4) she can recover for Decedent's development of mesothelioma after April 29, 1994.

### Safe Places Statute /Duty of Premises Owner to Employee of Independent Contractor

Plaintiff argues that Wisconsin's Safe Places Statute, Wis. Stat. § 101.11, creates non-delegable statutory duties that give rise to legal obligations for premises owners that are distinct from those arising under common law, such that caselaw pertaining to common law negligence does not govern the duty issue raised by Defendant. Specifically, Plaintiff contends that the statute imposes upon premises owners (and others, e.g., employers) an affirmative and non-delegable duty to inspect premises to ensure they are safe. In support of this assertion, Plaintiff cites to Dykstra, 100 Wis.2d at 130 and Barry, 245 Wis.2d 560.

### Sophisticated User Defense

Plaintiff contends that summary judgment is not warranted on grounds of the sophisticated user defense because (1) no court in Wisconsin has held that the defense applies to claims brought under the Safe Places Statute, (2) no court in Wisconsin has held that the defense applies to claims brought against premises owners (as opposed to product manufacturers), (3) there are factual disputes as to the sophistication of both Decedent and his employer, and (4) Defendant's evidence that the defense is warranted is insufficient under the precedent that discusses the sophisticated user defense under Wisconsin law: Haase v. Badger Mining Corp., 2003 WI App. 192, ¶ 19; Schultz v. Building Service Industrial Sales, No. 06-cv-1662 (excerpt from November 13, 2006 summary judgment hearing transcript)(Hon. Patricia D. McMahon); and Scheible v. American Standard, Inc., No. 05-cv-3712 (excerpt from November 13, 2006 summary judgment hearing transcript)(Hon. Patricia D. McMahon).

### Punitive Damages

Plaintiff has not specifically responded to Defendant's argument regarding medical causation.

### C. Analysis

### Safe Places Statute /Duty of Premises Owner to Employee of Independent Contractor

Defendant is correct that, the Supreme Court of Wisconsin has held that, as a general rule, a "principal owner"

of a workplace/premises cannot be liable for harm to (i.e., owes no duty to) an employee of an independent contractor who is working on its premises. Tatera, 328 Wis.2d at 327. Defendant is also correct that neither exception to this general rule applies in the context of asbestos-related work. Id. 346, 351. However, Plaintiff is also correct that the Supreme Court of Wisconsin has held that the Safe Place Statute creates non-delegable statutory duties that give rise to legal obligations for premises owners that are distinct from those arising under common law - including the imposition upon employers/premises owners an affirmative and non-delegable duty to inspect premises to ensure they are safe. Barry, 245 Wis.2d at 569-70; Dykstra, 100 Wis.2d at 130-31; and Wisconsin Bridge & Iron Co., 8 Wis.2d at 618-19.

In light of the Supreme Court of Wisconsin's recent application of the general common law rule of negligence to a "principal employer"/premises owner in Tatera and its also fairly recent application of a heightened duty to such a "principal employer"/premises owner in Barry, it appears that Wisconsin law is unsettled as to what duty was owed by Defendant to Decedent. Accordingly, because this is an unsettled area of state law, the Court will not rule on it, but rather will remand the issue to the transferor court to decide. See Faddish v. CBS Corp., No. 09-70626, 2010 WL 4159238 (E.D. Pa. Oct. 22, 2010) (Robreno, J.).

Statute of Repose

Defendant contends that Plaintiff's claims are barred by Wisconsin's ten-year construction statute of repose because the work performed by Decedent at its facility (piping insulation removal work) constitutes "improvements to real property" within the meaning of the statute. The only appellate court in Wisconsin to address the statute of repose in the context of an asbestos case, did not address this issue and instead addressed only the limited issue of whether external asbestos insulation on steam piping constituted a "structural defect" within the meaning of the statute. Calewarts v. CR Meyer and Sons Co., 344 Wis.2d 124 (Wis. Ct. App. July 2013). (The federal district court decisions in Anderson II and Anderson III did not squarely address whether external insulation on piping constitutes an "improvement to real property" nor what potential entities are entitled to any benefit of the statute of repose (e.g., the pipe supplier, the insulation supplier, the pipe installer, the insulation

installer, the pipe remover, the insulation remover, or some or all of the above). Therefore, as it did in April of 2012 in Anderson, the Court deems it appropriate to remand the issue to be addressed by the transferor court. See Faddish, No. 09-70626, 2010 WL 4159238.

Sophisticated User Defense

WEPCO argues that it is entitled to summary judgment on Plaintiff's claims because Decedent's employer (B&W) was a sophisticated user of asbestos products. However, each of the authorities on which Defendant relies - § 388 of the Restatement (Second) of Torts, Strasser, 2000 WI 87, ¶ 58, 236 Wis. 2d 435, and Haase, 2003 WI App. 192, ¶ 19, 266 Wis. 2d 970 - addresses liability of a product manufacturer or supplier. Defendant has cited no authority addressing the liability (or lack thereof) of a premises owner under the version of the sophisticated user defense as recognized by Wisconsin law. The Court has looked for but has not located any appellate authority clearly addressing this issue under Wisconsin law. As such, the Court deems this issue more appropriate for handling by the transferor court situated in Wisconsin. See Faddish, No. 09-70626, 2010 WL 4159238. Accordingly, summary judgment on this basis is denied, with leave to refile after remand.

Punitive Damages

The Court has previously determined that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action and, therefore, all claims for punitive or exemplary damages are to be severed from the case and retained by the Court within its jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See, e.g., Ferguson v. Lorillard Tobacco Co., Inc., No. 09-91161, 2011 WL 4915784, at n.2 (E.D. Pa. Mar. 2, 2011)(Robreno, J.) (citing In re Collins, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); In re Roberts, 178 F.3d 181 (3d Cir. 1999)). Therefore, Defendant's motion regarding punitive damages is denied without prejudice.

E.D. Pa. No. 2:10-67443-ER        AND IT IS SO ORDERED.

*[signature]*
EDUARDO C. ROBRENO, J.

---

### D. Conclusion

Summary judgment in favor of Defendant is denied because (1) application of the Wisconsin construction statute of repose is best handled by the transferor court, (2) what duty was owed by Defendant to Decedent is an unsettled issue of Wisconsin law more properly handled by the transferor court, (3) the issue of the sophisticated user defense is also more properly handled by the transferor court, and (4) the issue of punitive damages has been severed by the MDL Court and will be resolved at a future date.

10